SCHUTTE & KOERTING, INC.,
a Delaware corporation,
Plaintiff—Appellant,

v.

SWETT & CRAWFORD, a California corporation; The Swett Crawford Group, Inc., a California corporation; Swett Crawford of Illinois, Incorporated, an Illinois corporation; Kenneth Nitz, Defendants—Appellees.

No. 07–55323.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 4, 2008.

**614**

Anna L. Nguyen, Esquire, Jon K. Wactor, Esquire, William D. Wick, Esquire, Wactor & Wick, LLP, Oakland, CA, for Plaintiff–Appellant.

Stanley Joseph Panikowski, III, Esquire, Paul A. Reynolds, Esquire, Robert C. Longstreth, Esquire, DLA Piper US, LLP, San Diego, CA, for Defendants–Appellees.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,* District Judge.

### MEMORANDUM **

Schutte & Koerting, Inc. ("S & K") appeals the district court's order granting summary judgment in favor of Swett & Crawford ("Swett") on the ground that S & K's claims are time barred. S & K argues that the district court erred in holding that all of its claims were subject to a two-year limitations period. S & K also argues that a reasonable person could not have suspected Swett's negligence by April 16, 2001, as the district court concluded. Finally, S & K argues that Swett failed to adequately plead its statute of limitations defense and that equitable estoppel, equitable tolling, and judicial estoppel bar Swett's defense.

Following *Hydro–Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Assocs., Inc.*, 115 Cal.App.4th 1145, 10 Cal.Rptr.3d 582, 593 (2004), the district court properly held that the "gravamen" of S & K's claims was for professional negligence subject to a two-year statute of limitations period under Cal.Code. Civ. Proc. § 339.

■ Under California law, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 927 (1988). The insurance company's April 16, 2001, letter denied coverage on the basis that "damages" in the insurance contract did not include costs incurred to comply with administrative orders. In support of this basis for denial, the letter cited a recent California Supreme Court case, *Underwriters at Lloyd's of London v. Superior Court of Los Angeles (Powerine I)*, 24 Cal.4th 945, 103 Cal.Rptr.2d 672, 16 P.3d 94 (2001). *Powerine I* involved a standard general liability insurance policy, not a pollution liability policy like S & K's. Nevertheless, the denial and *Powerine I* raised the possibility that S & K's policy did not cover the administrative orders at issue, and consequently S & K should have suspected Swett's negligence at that time. It does not matter, for purposes of the statute of limitations, that the insurer denied coverage by a later letter that gave further reason to suspect professional negligence by Swett since the earlier letter already

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gave sufficient notice to S & K. The district court properly concluded that the statute of limitations began to run in April 2001.

 "The procedural sufficiency of a pleaded ... defense in federal court is governed by the federal rules, even though the defense relied on may be a state defense." *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir.1979). Therefore, Swett's failure to plead its statute of limitations defense in accordance with Cal. Code Civ. Proc. § 458 in the Second Amended Answer is irrelevant. Fed. R.Civ.P. 8(c) does require that the pleading give plaintiff "fair notice of the defense." *Wyshak,* 607 F.2d at 827. S & K fails to identify how Swett's manner of pleading caused prejudice. Consequently, we hold that the Second Amended Answer provided S & K with fair notice of Swett's defense.

S & K's appeals to equitable doctrines fail. S & K does not claim, and no evidence suggests, that S & K was induced, by design or by happenstance, to delay filing suit against Swett while the limitation period expired. Consequently, equitable estoppel does not apply. *See Lantzy v. Centex Homes,* 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 73 P.3d 517, 532–34 (2003). *Hydro–Mill* precludes this court from using equitable tolling to toll the limitations period with respect to Swett until the insurer definitively denied S & K's claim. *See Hydro–Mill,* 10 Cal. Rptr.3d at 596–98. S & K does not show, and nothing in the record suggests, that Swett's manner of pleading its statute of limitations defense threatens the "integrity of the judicial process" or interferes with the "orderly administration of justice." *Jackson v. County of Los Angeles,* 60 Cal.

App.4th 171, 70 Cal.Rptr.2d 96, 102 (1997). Therefore, judicial estoppel does not apply.

AFFIRMED.