Chris **KOHLER**, Plaintiff,

v.

**ISLANDS RESTAURANTS, LP, d/b/a Islands Fine Burgers and Drinks; Barbara Ecke Winter, Surviving Trustee of the Ray and Barbara Winter Trust, Defendants.**

No. 11–CV–2260 W (JMA).

United States District Court, S.D. California.

Feb. 16, 2012.

Scottlynn J. Hubbard IV, Daniel Watts, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiff.

Gregory Francis Hurley, Greenberg Traurig, Irvine, CA, for Defendants.

## ORDER (1) GRANTING–IN–PART AND DENYING–IN–PART PLAINTIFF'S MOTION TO STRIKE [DOC. 7]; (2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 7]; AND (3) GRANTING DEFENDANTS LEAVE TO AMEND.

THOMAS J. WHELAN, District Judge.

Pending before the Court is Plaintiff's motion to strike Defendants' affirmative defenses under Federal Rule of Civil Procedure 12(f) or, alternatively, for partial summary judgment under Federal Rule of Civil Procedure Rule 56(a). (*Pl.'s Mot.* [Doc. 7].) Defendants oppose. (*Defs.' Opp'n* [Doc. 10].) The Court decides the matter on the papers submitted and without oral argument. See CIV. L.R. 7.1(d.1). For the reasons discussed below, the Court **GRANTS–IN–PART** and **DE-NIES–IN–PART** Plaintiff's motion to strike, **DENIES** Plaintiff's motion for partial summary judgment, and **GRANTS** Defendants leave to amend selected affirmative defenses.

## I. BACKGROUND

On September 29, 2011, Plaintiff Chris Kohler initiated this action against Defendants Islands Restaurants, LP, d/b/a Islands Fine Burgers and Drinks, and Barbara Ecke Winter, Surviving Trustee of the Ray and Barbara Winter Trust (collectively "Islands"). (*Compl.* [Doc. 1].) Kohler, who is paraplegic and uses a wheelchair, alleges that he encountered several "physical and intangible" barriers to his use and enjoyment of the parking lot, bar area, and restroom at an Islands restaurant in Carlsbad, California. (*Id.* at 2–4.)

In his complaint, Kohler asserts five causes of action under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, *et seq.:* (1) denial of full and equal enjoyment and use of the restaurant,

§ 12182(a); (2) failure to remove architectural barriers in an existing facility, § 12182(b)(2)(A)(iv); (3) failure to design and construct an accessible facility, § 12183(a)(1); (4) failure to make an altered facility, § 12183(a)(2); and (5) failure to modify existing policies and procedures, § 12182(b)(2)(A)(ii). (*Id.* at 3–8.) Kohler seeks all relief available under the ADA, including injunctive relief, attorney's fees and costs. (*Id.* at 5–8.) In addition, he also asserts derivative state claims under California's Disabled Persons Act, California Civil Code § 54, *et seq.*, the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*, and relevant sections of California's Health & Safety Code (*Id.* at 8–10.)

On October 26, 2011, Islands answered Kohler's complaint, denying all factual allegations and raising thirty-one affirmative defenses. (*Answer* [Doc. 3].) Twenty-two days later, Kohler filed his present motion to strike all of Islands's affirmative defenses or, in the alternative, for partial summary judgment on the same affirmative defenses. (*See Pl.'s Mot.*) Islands opposed Kohler's motion, and voluntarily withdrew thirteen of its affirmative defenses, including numbers 13, 14, 16, 18, 20, 21, 22, 23, 25, 26, 27, 29, and 31.[1] On December 12, 2011, Kohler replied. (*Pl.'s Reply* [Doc. 12].)

## II. LEGAL STANDARDS

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). At the same time, 12(f) motions are "generally regarded with disfavor because of the

---

1. These defenses are (13) estoppel; (14) waiver; (16) preemption; (18) applicability of California Civil Code § 51; (20) legitimate business justification; (21) no damages; (22) good faith; (23) comparative negligence; (25) lack of notice; (26) reliance on architects; (27) laches; (29) all defenses under Federal Rules of Civil Procedure 8 and 12; and (31) reservation of defenses. (*See Answer; Defs.' Opp'n* 2.)

limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979); *see also* Fed.R.Civ.P. 15(a)(2).

■ An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC,* 2005 WL 645592, at *2 (N.D.Cal.2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." *Wyshak,* 607 F.2d at 827 (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (emphasis added); *Simmons v. Navajo,* 609 F.3d 1011, 1023 (9th Cir.2010); *Schutte & Koerting, Inc. v. Swett & Crawford,* 298 Fed.Appx. 613, 615 (9th Cir.2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99. It does not, however, require a detailed statement of facts. *Id.* at 47–48, 78 S.Ct. 99. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility, LLC,* 657 F.Supp.2d 1140, 1149–50 (N.D.Cal.2009).

### B. *Partial Summary Judgment*

Federal Rule of Civil Procedure Rule 56(a) provides for partial summary judgment. Fed.R.Civ.P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought."); *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.,* 313 F.3d 385, 391 (7th Cir.2002). Partial summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir.1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

■ A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322–23, 106 S.Ct. 2548. If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir.1995) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.")). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

When making this determination, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

## III. PRELIMINARY ISSUES

Before addressing the merits of Kohler's motion against each of Islands' affirmative defenses, the Court must resolve two preliminary issues raised by the parties. First, whether Kohler's motion is timely under the Federal Rules of Civil Procedure. And second, whether the Court should extend the Supreme Court's holdings in *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal* to evaluate the pleading sufficiency of Islands' affirmative defenses. *See* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

### 1. Timeliness of Kohler's Motion to Strike

Under Rule 12(f), a court may strike pleadings (1) "on its own," or (2) on a party's motion, if that motion was filed within twenty-one days after being served with the pleading being attacked. Fed.R.Civ.P. 12(f). Recognizing that his motion to strike was filed twenty-two days after being served with Islands' answer, Kohler maintains that this Court may still consider the *legal sufficiency* (but not the pleading sufficiency) of Islands' defenses at any time. (*Pl.'s Mot.* 2) (citing *Or. Laborers–Emp'rs Trust Funds v. Pac. Fence & Wire Co.*, 726 F.Supp. 786, 788 (D.Or.1989)). The idea is that, because courts may strike a legally insufficient defense *sua sponte* at any time in the proceedings, a party's untimeliness in raising the same grounds is akin to harmless error. *See, e.g., United States v. Wang,* 404 F.Supp.2d 1155, 1157 (N.D.Cal.2005). Notwithstanding his presentation of this rule, Kohler also proceeds to attack Islands' affirmative defenses on the sufficiency of its pleadings. (*Pl.'s Mot.* 4–5.)

But, regardless of the inconsistency in Kohler's argument, the Court finds that Koh-ler's motion is timely, thereby permitting his challenges to both legal and pleading sufficiency. Rule 12(f)'s twenty-one-day limitations period on a party's motion must be considered in light of the rules of time computing in Federal Rule of Civil Procedure 6. *See* Fed.R.Civ.P. 6(a) ("The following rules apply in computing any time period specified in these rules."). Rule 6(d) provides an additional three days to any limitations period for a motion challenging a pleading that was served electronically. Fed.R.Civ.P. 6(d); *see* Fed.R.Civ.P. 5(b)(2)(E). Here, Islands electronically served its answer to Kohler on October 26, 2011. (*See Answer* 13.) Thus, under Rule 6(d), Kohler actually had twenty-four days to file his motion to strike. Kohler's motion was therefore timely, and the Court will consider both the pleading and legal sufficiency of Islands' affirmative defenses.

### 2. Pleading Sufficiency of Affirmative Defenses

As discussed above, the Ninth Circuit has directed courts to evaluate the pleading sufficiency of affirmative defenses under the "fair notice" standard. *Wyshak*, 607 F.2d at 827. In his motion, Kohler contends that all thirty-one of Islands' affirmative defenses are pled insufficiently. (*Pl.'s Mot.* 4–5.) In addition to arguing that Islands' defenses fail to provide fair notice, Kohler also suggests that this Court apply the reinterpreted pleading standards under the Supreme Court's holdings in *Twombly* and *Iqbal*. (*See id.* at 3–5.) Although the Ninth Circuit has not yet adopted the *Twombly/Iqbal* pleading standard for affirmative defenses, Kohler cites to several district courts that have done so.[2] (*Pl.'s Mot.* 3.) In response, Islands directs the Court to at least one opinion from within this district that has declined to extend *Twombly* and *Iqbal* to affirmative defenses.[3] (*Defs.' Opp'n* 4.) In any case, it is clear that

---

2. *See Dion v. Fulton Friedman & Gullace LLP,* 2012 WL 160221, at *2–3 (N.D.Cal.2012) (explaining that a majority of district courts have extended *Twombly* and *Iqbal* to affirmative defense pleading); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F.Supp.2d 1167, 1171–73 (N.D.Cal.2010); *Anticancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282 (S.D.Cal. 2007).

3. *See J & J Sports Prods., Inc. v. Scace,* 2011 WL 2132723, at *1 (S.D.Cal.2011); *see also Joe Hand Promotions, Inc. v. Estradda,* 2011 WL 2413257, at *5 (E.D.Cal.2011); *Holdbrook v. SAIA Motor Freight Line, LLC,* 2010 WL 865380, at *2 (D.Colo.2010); *Bartronics, Inc. v. Power–One, Inc.,* 245 F.R.D. 532, 537 n. 5 (S.D.Ala.2007).

this point is unresolved. *See Barnes*, 718 F.Supp.2d at 1171 ("[N]either the Ninth Circuit or any other Circuit Courts of Appeals have extended *Twombly*'s heightened pleading standard to affirmative defenses.").[4]

Absent further direction, this Court declines to extend the *Twombly/Iqbal* pleading standards to affirmative defenses. Several considerations inform this conclusion. Most significantly, the Ninth Circuit has continued to recognize the "fair notice" standard of affirmative defense pleading even after *Twombly* and *Iqbal*. *See Simmons*, 609 F.3d at 1023; *Schutte & Koerting*, 298 Fed.Appx. at 615.

Moreover, the Supreme Court's analysis in *Twombly* and *Iqbal* is itself limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). 129 S.Ct. at 1950 550 U.S. at 555, 127 S.Ct. 1955. Rule 8(a)(2) requires that the party stating a *claim* for relief provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). Rule 8(c), on the other hand, only requires a responding party to "*affirmatively state*" its affirmative defenses. Fed.R.Civ.P. 8(c) (emphasis added). The Supreme Court's discussion in *Iqbal* suggests that this distinction is important. *See* 129 S.Ct. at 1950. Factual plausibility—which is the key difference between *Twombly/Iqbal* pleading and "fair notice" pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party "show[ ]" that it is entitled to relief. *Id.* ("But where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed.R.Civ.P. 8(a)(2)). Stating an affirmative defense under Rule 8(c), however, does not require the pleader to "show" entitlement to

its defense.[5] *See* Fed.R.Civ.P. 8(c). Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not "judicial interpretation," is necessary to "broaden the scope" of specific federal pleading standards. *See* 550 U.S. at 569 n. 14, 127 S.Ct. 1955.

Finally, the Court is persuaded by the District of Colorado's recognized distinction between the time plaintiff has to compose a complaint versus the time a defendant has to answer it. *See Holdbrook*, 2010 WL 865380, at *2. As the court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses." *Id.; see* Fed.R.Civ.P. 12(a).

█ For these reasons, the Court will review the sufficiency of Island's affirmative defenses under the "fair notice" pleading standard.

## IV. DISCUSSION

At this point is important to discuss the scope of Kohler's motion. Kohler requests this Court strike Islands' affirmative defenses for legal and pleading insufficiency. (*See Pl.'s Mot.*) In the alternative, Kohler seeks partial summary judgment on Islands' affirmative defenses for legal insufficiency. (*Id.* at 2.) In his motion, Kohler contends that partial summary judgment is appropriate because Islands' defenses (1) "fail as a matter of law," or (2) because "there is no set of facts that can prove these affirmative defens-

---

4. Kohler contends that the Tenth Circuit has decided this issue in favor of applying *Twombly* and *Iqbal* to affirmative defenses. (*Pl.'s Mot.* 3.) Kohler's reliance on *Robbins v. Oklahoma*, however, is misplaced. (*See id.*) (citing 519 F.3d 1242, 1248 (10th Cir.2008).) In *Robbins*, the Tenth Circuit applied *Twombly* and *Iqbal* to qualified immunity pleadings. 519 F.3d at 1246–48. But, the same court also identified the qualified immunity pleadings as part of the complaint, not as an affirmative defense. *Id.* at 1249 ("[P]laintiffs must allege facts sufficient to show (assum-

ing they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established.").

5. Nor does pleading of non-affirmative defenses under Rule 8(b)(1) require any type of "showing." *See* Fed.R.Civ.P. 8(b)(1). Rule 8(b)(1) only requires the responding party to "state in short and plain terms its defenses to each claim asserted against it." *Id.*

es." [6] (*Id.*) Although he states these grounds in the disjunctive, they are really one and the same. An affirmative defense fails as a matter of law if there is no set of facts that can prove it. *See, e.g., Conley*, 355 U.S. at 45–46, 78 S.Ct. 99 (describing the no-set-of-facts test in the context of a legally insufficient complaint).

Significantly, Kohler does not move for partial summary judgment on the basis of evidentiary sufficiency. Nowhere in his moving papers does Kohler present evidence that negates an essential element of Islands' defense, or demonstrate that Islands has failed to make a showing sufficient to establish an essential element of its defense at trial.[7] *See Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548. Thus, Islands is not in the position where it must present evidence to demonstrate an issue of material fact. *Id.* at 324, 106 S.Ct. 2548. To overcome partial summary judgment, Islands need only show that its affirmative defenses are otherwise legally sufficient. This is appropriate because neither party has had the opportunity to conduct discovery in the present matter to substantiate its claims or defenses with evidentiary support. (*See Defs.' Opp'n* 10.) Consequently, the purely legal grounds raised by Kohler in his motions to strike and for partial summary judgment are identical, and will be considered by the Court in a single analysis below. But, because Kohler may develop evidentiary grounds for partial summary judgment on the same affirmative defenses later in the litigation, any denial of partial summary judgment in this order is **WITHOUT PREJUDICE.**

*1. First & Second Affirmative Defenses—Failure to State a Claim & Lack of Standing*

■ In its first and second affirmative defenses, Islands alleges that Kohler "fails to state a claim upon which relief can be grant-

ed," and "lacks standing to pursue his alleged claims." (*Answer* 5.) The Court agrees with Kohler that these simple identifications of Islands' defenses are insufficient to provide "fair notice." *See Wyshak*, 607 F.2d at 827. Although Islands' pleading need not be supported by detailed factual allegations, it must at least give notice of the "grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. 99. Therefore, the Court **STRIKES** Islands' first and second affirmative defenses **WITH LEAVE TO AMEND.**

In addition to a lack of pleading sufficiency, Kohler also contends that Islands' first and second affirmative defenses are not actually affirmative defenses, but rather negative defenses to an essential requirement of Kohler's complaint. (*Pl.'s Mot. 4, 19.*) Technically, Kohler is correct. Affirmative defenses are allegations unrelated to the plaintiff's *prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true. *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987). But simple mislabeling on Islands' part is not grounds for striking or granting partial summary judgment on its defenses. Negative defenses may also be raised in Islands' answer. *See* Fed.R.Civ.P. 8(b). In fact, Rule 12(b) permits Islands' to assert these exact defenses by motion or in the responsive pleading. The Court fails to see how identifying a defense as "affirmative," when in actuality it is not, makes that defense legally insufficient. *See* Fed. R.Civ.P. 12(f); (*see also Pl.'s Mot.* 19–20) (arguing the same for Islands' twenty-fourth defense.) Consequently, the Court **DENIES** partial summary judgment on Island's first and second affirmative defenses.

*2. Third Affirmative Defense—Statute of Limitations*

■ In its third affirmative defense, Islands' contends that Kohler's claims are

---

**6.** Kohler also contends that summary judgment is appropriate because "no set of facts can support a defense that does not satisfy Rule 8 in the first place." (*Pl.'s Mot.* 5.) The Court does not follow Kohler's reasoning. Federal Rule of Civil Procedure 8 governs pleading sufficiency, not legal sufficiency.

**7.** In his reply, Kohler reiterates that partial summary judgment is appropriate, but bases this

contention on Islands' failure to proffer evidence: "Islands failed to 'put up' any evidence whatsoever to rebut Kohler's claims, effectively surrendering its defense on summary judgment." (*Pl.'s Reply 1–2.*) Because Kohler did not move for summary judgment on the basis of evidentiary sufficiency, however, the Court need not consider this argument. *See, e.g., United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir.1993).

"barred by the applicable statute of limitations." (*Answer* at 5.) Again, the Court agrees with Kohler that this statement alone is insufficient to provide fair notice. In *Wyshak*, the Ninth Circuit was confronted with a nearly identical pleading. 607 F.2d at 827 ("[P]laintiff's claims are barred by the applicable statute of limitations."). In *Wyshak*, however, the court held that fair notice was provided because an attached memorandum identified the actual statute upon which the defense rested. *Id.* Here, Islands' makes no mention of the applicable statute in its answer, and has attached no supplemental briefing on that point. (*See Answer* 5.) Accordingly, the Court **STRIKES** Islands' third affirmative defense **WITH LEAVE TO AMEND.** However, because the statute of limitations is clearly a legally sufficient affirmative defense, the Court **DENIES** partial summary judgment on the same.

### 3. Fourth & Seventh Affirmative Defenses—Effective Access & Ready Accessibility

In its fourth and seventh defenses, Islands asserts that "[t]he purported architectural barriers provide effective access to Plaintiff," and alterations "were made to ensure that the facility would be readily accessible to the maximum extent possible." (*Answer* at 6.) Without identifying some basis for its conclusions, however, the Court agrees that these defenses likewise fail to provide fair notice. In its answer, Islands does not suggest what the legal basis is for these defenses, nor does it at least identify the type of effective access and alterations that form the grounds for its defenses. Again, Islands need not provide the details for its defenses in its answer, but it must provide notice to Kohler that will guide him in his future discovery efforts. Therefore, the Court **STRIKES** Islands' fourth and seventh affirmative defenses **WITH LEAVE TO AMEND.**[8] But, because Kohler does not otherwise dispute the legal sufficiency of the

defenses, the Court **DENIES** partial summary judgment.

### 4. Fifth Affirmative Defense—Not Readily Achievable

In its fifth affirmative defense, Islands asserts that "removal of the alleged architectural barriers was not readily achievable." (*Answer* 6.) Under the ADA, removal of an architectural barrier is not readily achievable if it cannot be easily accomplished or entails "much difficulty or expense." 42 U.S.C. § 12181(9). Section 12181(9) further identifies several factors to consider in determining whether removal is readily achievable, including the cost of removal, the defendant's financial resources, and the defendant's operations. *Id.* Because there are several grounds upon which Islands may be relying in this matter, the Court finds that its bare assertion of the defense provides inadequate notice to Kohler. Accordingly, the Court **STRIKES** Islands' fifth affirmative defense **WITH LEAVE TO AMEND.** But again, because Kohler does not dispute the legal sufficiency of this defense, the Court **DENIES** his motion for partial summary judgment.

### 5. Sixth Affirmative Defense—Structural Impracticability

In its sixth affirmative defense, Islands alleges that "compliance with the accessibility requirements is structurally impracticable." (*Answer* at 6.) In addition to disputing the pleading sufficiency of Islands' defense, Kohler contends that impracticability only applies to facilities constructed over marshlands or water. (*Pl.'s Mot.* 8.) The Court disagrees with Kohler's interpretation of the law, but agrees that Islands' statement of its defense fails to provide fair notice.

Structural impracticability is a valid defense against ADA claims where "unique characteristics of the terrain prevent the in-

---

8. Kohler also contends that Islands' fourth and seventh defenses are "negative defenses," not "affirmative defenses," and should be stricken for that reason as well. (*Pl.'s Mot.* 6.) According to Kohler, "these defenses are redundant under Rule 12(f) and should be stricken to simplify the litigation." (*Id.*) In opposition, Islands' maintains that it is not clear which party bears the burden of proof on these defenses. (*Defs.' Opp'n* 10.) To this, Kohler does not respond. (*See Pl.'s Reply.*) Under these circumstances, when the technical status of the defense is unclear, it is appropriate to permit Islands to re-plead its fourth and seventh defenses.

corporation of accessibility features." 28 C.F.R. § 36.401(c). The language of the regulation does not limit its application to construction over water or marshlands. *See id.* That said, Islands must provide some notice of the basis of its structural impracticability in this case. Therefore, the Court **STRIKES** Islands' sixth affirmative defense **WITH LEAVE TO AMEND** and **DENIES** partial summary judgment.

#### 6. Eighth Affirmative Defense—Disproportionate Cost

■ In its eighth affirmative defense, Islands contends that "the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area." (*Answer* 6.) The Courts finds this statement of Islands' defense to provide fair notice to Kohler of the grounds upon which it rests. Islands need not allege the comparative costs associated with altering paths of travel, or identify each and every path of travel that is encompassed in Kohler's complaint. The details of the alleged disproportionality may be sought on discovery.[9]

Kohler also contends that the disproportionate-cost defense applies only to "alterations to the path of travel to primary function areas, restrooms, drinking fountains, or telephones." (*Pl.'s Mot.* 8.); 42 U.S.C. § 12183(a)(2). But as Islands observes in its opposition, Kohler's complaint contains several allegations of ADA noncompliance with regard to paths of travel at Islands, *e.g.* the slope of the parking lot, and the restroom door clearance. (*Defs.' Opp'n* 6; *Compl.* 3–4.) Accordingly, Islands' eighth affirmative defense does not fail as a matter of law. The Court **DENIES** Kohler's motions to strike and for partial summary judgment.

#### 7. Ninth Affirmative Defense—Alternative Methods

In its ninth affirmative defense, Islands alleges that "Defendants accommodated

Plaintiff's alleged disability by providing services via alternative methods other than removal of alleged architectural barriers." (*Answer* 7.) There is some confusion between the parties as to the statutory basis for Islands' defense. Kohler views the defense as applicable only to historical buildings, whereas Islands asserts that the defense arises under a statute of general applicability. (*Pl.'s Mot.* 9; *Defs.' Opp'n* 6–7.) In order to resolve this confusion, the Court **STRIKES** Islands' ninth affirmative defense **WITH LEAVE TO AMEND** for lack of fair notice. Moreover, because Islands' basis for its defense is unclear, any decision on partial summary judgment would be premature. Therefore, the Court **DENIES** partial summary judgment on Islands' ninth affirmative defense.

#### 8. Tenth Affirmative Defense—Good Faith Reliance

■ In its tenth affirmative defense, Islands asserts that Kohler's claims are "barred by Defendants' good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Ceritificates of Occupancy." (*Answer* 7.) The Court finds that this statement provides fair notice of Islands' affirmative defense. While not explicitly identifying the local authorities or documents relied on, Islands nevertheless provides sufficient direction for Kohler to investigate the defense in discovery.

Kohler also contends that Islands' reliance on local authorities is preempted by federal ADA law. (*Pl.'s Mot.* 9–10.) In response, Islands contends that its tenth affirmative defense is still applicable to Kohler's state-law causes of action. (*Defs.' Opp'n* 7.) The Court agrees. There may be instances where a facility is not compliant with the California Disabled Persons Act but still compliant with ADA, because the Disabled Persons Act may demand higher standards than the ADA. *See* Cal. Civ.Code § 54.1(a)(3)

---

9. Unlike its statute-of-limitations defense, Islands' failure to cite to a specific statutory provision in its eighth affirmative defense does not constitute inadequate notice. In his moving papers, Kohler demonstrates that he is fully aware of the statutory basis for Islands' defense. (*See Pl.'s Mot.* 8.)

("[I]f the laws of this state prescribe higher standards, it shall mean access that meets those higher standards."). In these circumstances, Islands' defense may still apply to the alleged state-law violation. Accordingly, the Court **DENIES** Kohler's motion to strike and for summary judgment on Islands' tenth affirmative defense.

### 9. Eleventh Affirmative Defense—Privilege

In its eleventh affirmative defense, Islands contends that its "conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders and approvals relating to building construction and/or fire safety and public safety." (*Answer* 7.) Kohler does not dispute the legal sufficiency of Islands' privilege defense, but argues that it fails to provide fair notice. (*Pl.'s Mot. 4–5.*) The Court disagrees. Much like its ninth affirmative defense, Islands' gives sufficient notice of the types of sources it relied on in its allegedly privileged conduct. (*See Answer* 7.) Accordingly, the Court **DENIES** Kohler's motion to strike and for partial summary judgment on Islands' eleventh affirmative defense.

### 10. Twelfth Affirmative Defense—Undue Burden

In its twelfth affirmative defense, Islands alleges that any requirement in state or federal law to change its facilities to meet Kohler's complaint would "impose an undue burden." (*Answer* 7.) Kohler contends that Islands' undue-burden defense is both factually and legally insufficient. (*Pl.'s Mot.* 4–5, 10.) According to Kohler, undue burden is only a defense to an ADA claim under 42 U.S.C. § 12182(b)(2)(A)(iii), which he did not plead in his complaint. (*Id.* at 10.) Although Islands points to language in Kohler's complaint that suggests a claim under § 12182(b)(2)(A)(iii), the Court will accept Kohler's concession that no such cause of action is alleged. Islands' twelfth affirmative defense is therefore "impertinent" to the instant matter and is **STRICKEN.** Fed.R.Civ.P. 12(f). In the event that Kohler seeks to amend his complaint to add a claim under § 12182(b)(2)(A)(iii), Islands may also seek leave to restate the undue burden affirmative defense. *See* Fed. R.Civ.P. 15.

### 11. Fifteenth Affirmative Defense—Failure to Mitigate

██ In its fifteenth affirmative defense, Islands' contends that Kohler is precluded from recovery because he "failed to properly mitigate his alleged damages." (*Answer* 8.) Kohler contends that this defense is "legally irrelevant" because he seeks only statutory minimum damages, which cannot be mitigated. (*Pl.'s Mot.* 12.) In opposition, Islands again points to allegations in Kohler's complaint in which he also seeks "actual damages" under California's Disabled Persons Act. (*Defs.' Opp'n* 12; *Compl.* 8–9.)

The Court agrees with Islands that Kohler's complaint can be read to seek more than just minimum statutory damages. "For each offense of the Disabled Persons Act, Kohler seeks *actual damages* (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3." (*Compl.* 8–9) (emphasis added.) Section 54.3 permits an aggrieved party to seek "up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars." Cal. Civ.Code § 54.3(a). Kohler's request for actual damages *and* statutory minimum damages could be read to mean that he seeks actual damages to the extent that they exceed statutory minimum damages. Without some affirmative admission on Kohler's part that his actual damages do not exceed the statutory minimum, the Court cannot say that Islands' failure-to-mitigate defense is impertinent or legally irrelevant.

On the other hand, Islands' answer gives no notice to Kohler of the basis of his alleged failure to mitigate. For that reason, the Court **STRIKES** Islands' fifteenth affirmative defense **WITH LEAVE TO AMEND,** and **DENIES** Kohler's motion for partial summary judgment on the same.

### 12. Seventeenth Affirmative Defense—Failure to Name Indispensable Party

In its seventeenth affirmative defense, Islands contends that Kohler's claims are

barred for "failure to name an indispensable party." (*Answer* 8.) There is little question that this is a legally sufficient defense. *See* Fed.R.Civ.P. 12(b)(7). But without identifying who the indispensable party is, Islands fails to provide fair notice of its defense. *Sec. People, Inc.*, 2005 WL 645592, at *5. Therefore, the Court **STRIKES** Islands' seventeenth affirmative defense **WITH LEAVE TO AMEND,** and **DENIES** Kohler's motion for partial summary judgment on the same.

### 13. Nineteenth Affirmative Defense—Fundamental Alteration

In its nineteenth affirmative defense, Islands states that "the relief demanded in Plaintiff's Complaint would, if granted, result in fundamental alteration of Defendants' services." (*Answer* 8.) Kohler does not dispute the legal sufficiency of the defense, only that Islands has alleged insufficient facts. (*Pl.'s Mot.* 13.) The Court agrees that Islands' fails to provide fair notice of its defense, because its answer provides no indication of the grounds for its assertion of fundamental alteration. Accordingly, the Court **STRIKES** Islands' nineteenth affirmative defense **WITH LEAVE TO AMEND,** and **DE-NIES** Kohler's motion for partial summary judgment.

### 14. Twenty–Fourth Affirmative Defense—Dimensional Tolerances

In its twenty-fourth affirmative defense, Islands contends that "Plaintiffs claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within 'dimensional tolerances.'" (*Answer* 9.) In addition to disputing the pleading sufficiency of Islands' defense, Kohler contends that "dimensional tolerances" is not an affirmative, but rather a negative, defense. (*Pl.'s Mot.* 4–5, 19–20.) Islands argues, on the other hand, that there is a split of authority in the Ninth Circuit about the technical nature of the dimensional-tolerances defense. (*Defs.' Opp'n* 10); *compare Indep. Living Res. v. Or. Arena Corp.*, 1 F.Supp.2d 1124, 1135 (D.Or. 1998), *with Cherry v. City Coll. of San Francisco*, 2006 WL 6602454, at *6 (N.D.Cal.2006). Until this disparity in the

law is resolved, the Court finds that Islands is entitled to state its defense in its answer. *See supra* n. 8. Moreover, Islands' present statement of its twenty-fourth defense provides fair notice to Kohler. Kohler clearly understands what the defense entails, and Islands' statement of its defense is effectively just a response to Kohler's complaint. (*See Pl.'s Mot.* 19–20.) Therefore, the Court **DENIES** Kohler's motions to strike and for partial summary judgment on Islands' twenty-fourth affirmative defense.

### 15. Twenty–Eighth Affirmative Defense—Unclean Hands

In its twenty-eighth affirmative defense, Islands alleges that "Plaintiff's claims are barred under the doctrine of unclean hands." (*Answer* 10.) Kohler argues that, in addition to being an improper defense against ADA claims, Islands also fails plead its defense with particularity under Federal Rule of Civil Procedure Rule 9(b). (*Pl.'s Mot.* at 17–18.) Kohler relies on *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), and *Doe v. Deer Mountain Day Camp, Inc.*, 682 F.Supp.2d 324, 338 (S.D.N.Y.2010), to support his assertion that "unclean hands" is not a defense to ADA claims. (*Id.* at 17.) Reliance on these cases is, however, misplaced.

The Supreme Court in *McKennon* proffered no opinion about whether unclean hands survives as a defense against ADA claims. *See* 513 U.S. at 360–61, 115 S.Ct. 879. The Court merely recognized that the defense of unclean hands—or after-acquired evidence in the employment context—is inappropriate to consider against the equitable relief provided by Congress "to serve important national policies." *Id.* at 360, 115 S.Ct. 879. In fact, the Court recognized that unclean hands may still be applicable to non-equitable forms of relief, which Kohler also seeks in this matter. *Id.* at 361, 115 S.Ct. 879; (*Compl.* 8–9, 11.)

Moreover, in *Deer Mountain*, the district court noted that "there is some doubt as to the applicability of unclean hands to ADA actions." 682 F.Supp.2d at 338 n. 31 (citing *McKennon* ). But the court did not conclude

that unclean hands is *per se* barred from ADA actions; rather, it held that the facts of the record before it did not support the defense. *Id.* Without more explicit guidance from the Ninth Circuit or Supreme Court, this Court will not conclude that unclean hands is inapplicable to all ADA claims. Furthermore, even if this Court did come to that conclusion, it would not bar the defense to Kohler's California claims.

Nor must Islands plead unclean hands with particularity under Rule 9(b). Rule 9(b) only requires particularity when pleading fraud or mistake. Fed.R.Civ.P. 9(b). While allegations of fraud may provide the factual underpinning for certain unclean hands defenses, there is no apparent allegation of fraud in this matter.

On the other hand, Islands' unclean-hands defense, like all others, must still provide fair notice to Kohler of the grounds upon which it rests. Here, Islands' answer provides no basis for an assertion of unclean hands, and therefore the Court **STRIKES** Islands' twenty-eighth affirmative defense **WITH LEAVE TO AMEND,** and **DENIES** Kohler's motion for partial summary judgment on the same.

*16. Thirtieth Affirmative Defense—Mootness*

Finally, in its thirtieth affirmative defense, Islands alleges that "Plaintiff's claims are barred under the doctrine of mootness." (*Answer* 10.) At this point, it should come as no surprise that Islands' mootness defense fails to provide fair notice to Kohler. Islands simply provides no indication of why Kohler's claims are moot. Accordingly, the Court **STRIKES** Islands' thirtieth affirmative defense **WITH LEAVE TO AMEND.** And, because Kohler does not attack the legal sufficiency of Islands' mootness defense, the Court **DENIES** his motion for partial summary judgment.

## V. CONCLUSION

For these reasons, the Court **STRIKES** Islands' first, second, third, fourth, fifth, sixth, seventh, ninth, fifteenth, seventeenth, nineteenth, twenty-eighth, and thirtieth affirmative defenses **WITH LEAVE TO AMEND.** The Court **STRIKES** Islands'

twelfth affirmative defense **WITHOUT LEAVE TO AMEND.** And the Court **DENIES** Kohler's motion for partial summary judgment. Islands must file its amended answer no later than *March 8, 2012.*

**IT IS SO ORDERED.**