Honorable John J. Tuchi, United States District Judge
At issue is Plaintiff and Counterdefendant Keith Ader's Motion to Dismiss Counterclaims and Motion to Strike Certain Affirmative Defenses (Doc. 38, Mot. to Dismiss), to which Defendants and Counterclaimants SimonMed Imaging Incorporated, SMI Imaging, LLC, and Howard John Simon (collectively, "SMI") filed a Response (Doc. 39, Resp.), and Ader filed a Reply (Doc. 40, Reply). The Court finds the matter appropriate for decision without oral argument. See LRCiv 7.2(f). For the reason below, the Court grants Ader's Motion to Dismiss and the Court grants in part and denies in part the Motion to Strike.
*1048 I. BACKGROUND
Keith Ader is a modality service engineer who, for a number of years, worked for SMI, which is one of the largest providers of outpatient medical imaging in the nation. In his role, Ader performed primarily manual labor, installing, maintaining, and troubleshooting medical and radiological imaging and diagnostic equipment. Frequently, Ader worked more than forty hours in a week; however, he was not paid overtime for the additional hours that he worked each week.
In May 2016, Ader began to voice his concerns about SMI's failure to pay overtime to both him and similarly situated employees. Ader continued to express these concerns over the next year, culminating with his filing of the Complaint in the present case on June 29, 2017, which initially contained claims for violations of the Fair Labor Standards Act (FLSA) and Arizona Wage Act. Three days after service of the Complaint, on July 10, 2017, representatives from SMI's human resources department summoned Ader to an unscheduled meeting. At the meeting, SMI terminated Ader's employment with the company immediately. After his firing, Ader would amend his complaint to include a claim for unlawful retaliation under FLSA.
In the months following Ader's departure, SMI learned of his role as the owner, operator, and sole employee of Hi-Caliber, Inc., which marketed and sold parts for radiological equipment and with which SMI had sometimes done business. As part of his job, Ader was able to access SMI's equipment and spare parts inventories, developing a familiarity with the processes SMI employed to maintain its own equipment. Ader used this knowledge to his advantage when, in January of 2017, he began emailing Hi-Caliber from his SMI email to inquire about a specific imaging component for sale. Ader, acting through Hi-Caliber, responded to his own email advising SMI that the component was available for purchase for $6,000. Ader then forwarded this conversation to his superiors at SMI, who were unaware of Ader's association with Hi-Caliber. Relying on Ader's representations and the emails, SMI approved the purchase of the part. SMI, however, would later learn that the fair market price of the part ranged between $3,000 and $4,500 from other vendors.
On the basis of Ader's alleged actions, SMI asserted a number of affirmative defenses and counterclaims in response to Ader's Complaint. In particular, SMI asserts that it is entitled to the defense of "after-discovered evidence" because it would have terminated Ader when it discovered the misuse of his work email and violations of company policies. (Am. Answer & Counterclaim at 15.) Additionally, SMI filed five counterclaims and crossclaims against both Ader and Hi-Caliber for (1) fraud; (2) unjust enrichment; (3) breach of fiduciary duty; (4) negligent misrepresentation; and (5) civil conspiracy. (Am. Answer & Counterclaim at 19-23.)
Ader now moves to dismiss those counterclaims for lack of subject matter jurisdiction and to strike two of Defendant's affirmative defenses.
II. LEGAL STANDARD
A. Motion to Dismiss
"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." Renteria v. United States , 452 F.Supp.2d 910, 919 (D. Ariz. 2006) (citing Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp. , 594 F.2d 730, 733 (9th Cir. 1979) ). "Where the jurisdictional issue is *1049 separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill , 594 F.2d at 733 ; see also Autery v. United States , 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the party asserting jurisdiction to show that the court has subject matter jurisdiction. See Indus. Tectonics, Inc. v. Aero Alloy , 912 F.2d 1090, 1092 (9th Cir. 1990).
When analyzing a complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. Cousins v. Lockyer , 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, Ashcroft v. Iqbal , 556 U.S. 662, 680, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. In re Cutera Sec. Litig. , 610 F.3d 1103, 1108 (9th Cir. 2010).
In ruling upon a motion to dismiss for failure to state claim, a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hosp. , 844 F.2d 646, 649 (9th Cir. 1988) ; Isuzu Motors Ltd. v. Consumers Union of U.S., Inc. , 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 ; see also Lee v. City of Los Angeles , 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. Daniels-Hall v. Nat'l Educ. Ass'n , 629 F.3d 992, 998 (9th Cir. 2010).
B. Motion to Strike
Federal Rule of Civil Procedure 8(c) provides that a defendant must "state any avoidance or affirmative defense" in answering a complaint. The Ninth Circuit Court of Appeals has construed this requirement to mean that a defendant must give "fair notice" of affirmative defenses to the plaintiff. Simmons v. Navajo Cty., Ariz. , 609 F.3d 1011, 1023 (9th Cir. 2010) (citing Wyshak v. City Nat'l Bank , 607 F.2d 824, 827 (9th Cir. 1979) ). The Supreme Court has long held that fair notice requires only a plain statement of the nature and grounds of a claim or defense. See Kohler v. Islands Rests., LP , 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley v. Gibson , 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ).
An affirmative defense may be insufficient as a matter of pleading or of law. Id. ; Fed. Deposit Ins. Corp. v. Main Hurdman , 655 F.Supp. 259, 262 (E.D. Cal. 1987). A party may ask the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty , 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), rev'd on other *1050 grounds , 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). " 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Id. (quoting 5 Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1382, at 706-07, 711 (2d ed. 1990)).
Courts generally view motions to strike disfavorably "because they are often used to delay and because of the limited importance of the pleadings in federal practice." Brewer v. Indymac Bank , 609 F.Supp.2d 1104, 1113 (E.D. Cal. 2009). "A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." Id.
III. ANALYSIS
The Court first addresses the Motion to Dismiss Defendants' Counterclaims and Crossclaims before turning to the Motion to Strike Defendants' affirmative defenses.
A. Motion to Dismiss
Because two of Ader's claims arise under the FLSA, this Court has federal question jurisdiction under 28 U.S.C. § 1331. In bringing its five, state law counterclaims, SMI does not allege either federal question or diversity jurisdiction, but rather invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367. (Am. Answer & Counterclaim at 16.) Ader moves to dismiss the counterclaims for lack of subject matter jurisdiction on two bases. First, Ader argues that the counterclaims do not form "part of the same case or controversy" for the purpose of § 1367. (Mot. to Dismiss at 3-4.) In the alternative, Ader argues that the Court should decline to exercise supplemental jurisdiction pursuant to § 1376(c)(4). (Mot. to Dismiss at 5-6.)
Under 28 U.S.C. § 1367, federal courts may, in specific instances, maintain supplemental jurisdiction over claims and counterclaims which have no other basis for jurisdiction in federal court. As such, a court has jurisdiction over state law claims "that are so related to claims" brought under the Court's federal question jurisdiction "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367. In determining whether such a claim forms part of the same "case or controversy," the Court must determine whether the federal claim and the state law claim arise from the same "common nucleus of operative fact." In re Pegasus Gold Corp. , 394 F.3d 1189, 1195 (9th Cir. 2005) (citing United Mine Workers v. Gibbs , 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ); Bahrampour v. Lampert , 356 F.3d 969, 978 (9th Cir. 2004).
Closely related to the Court's jurisdictional limit under § 1367 is Federal Rule of Civil Procedure 13, which governs the process by which a defendant may allege counterclaims. A counterclaim may be either compulsory or permissive. If a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," it is compulsory and must be raised in response to the opposing party's claim unless an exception applies. Fed. R. Civ. P. 13(a). Thus, under Rule 13(a), a court must consider whether "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of Am. , 827 F.2d 1246, 1249 (9th Cir. 1987). All other counterclaims are permissive and need not be raised in the same lawsuit.[1] Fed. R. Civ. P. 13(b).
*1051 Prior to the passage of § 1367, courts relied on the distinction between compulsory and permissive counterclaims to determine whether jurisdiction over a counterclaim was proper absent an independent basis for subject matter jurisdiction. See Sparrow v. Mazda Am. Credit , 385 F.Supp.2d 1063, 1066 (E.D. Cal. 2005) (collecting cases). Although § 1367 now governs the limits on supplemental jurisdiction, the distinction between permissive and compulsory counterclaims still proves useful. For example, if a counterclaim is compulsory, the Court has supplemental jurisdiction because a counterclaim "which arises out of the same transaction or occurrence" as the plaintiff's claim also necessarily arises from the same "common nucleus of operative fact." See id. at 1067 ("The § 1367 test for supplemental jurisdiction is broader than the test for compulsory counterclaims ...."). However, because the test for supplemental jurisdiction is broader than the test under Rule 13(a), a counterclaim arising from a different transaction or occurrence may still arise from a "common nucleus of operative fact," thus satisfying the test for jurisdiction under § 1367. See id. ; see also Rothman v. Emory Univ. , 123 F.3d 446, 454 (7th Cir. 1997) ; Jones v. Ford Motor Credit Co. , 358 F.3d 205, 212-13 (2d Cir. 2004).
Under either standard, the Court sees little relationship between the facts necessary for Ader to prove his claims-that SMI violated the FLSA and Arizona Wage Act by failing to adequately compensate Ader for overtime hours worked and by retaliating against him-and those facts necessary to prove SMI's state law counterclaims-which all derive from Ader's alleged use of his position within SMI to engage in self-dealing with his self-owned, radiological equipment distributor. Indeed, the two sets of claims overlap only insofar as each arises from Ader's employment relationship with SMI. Such a relationship is insufficient to establish supplemental jurisdiction over SMI's counterclaims. See, e.g., Poehler v. Fenwick , No. 15-cv-01161-JWS, 2015 WL 7299804, at *2 (D. Ariz. Nov. 19, 2015) (finding the "existence of an employment relationship" alone insufficient to establish supplemental jurisdiction); Shearon v. Comfort Tech Mech. Co. , 2014 WL 1330751, at *3 (E.D.N.Y Mar. 31, 2014) ("The only discernible factual connection or overlap between Plaintiff's federal ADA claim and state-law fraud claim is the background circumstance of Plaintiff's employment relationship.... This bare link does not establish supplemental jurisdiction.")
However, SMI does not purport to argue that the Court should focus on the relationship between Ader's claims and its counterclaims. Instead, SMI's arguments hinge on the counterclaims' relationship with SMI's affirmative defenses of set-off and after-discovered evidence. (See, e.g. , Resp. at 3 ("Ader[ ] ... ignores the nexus between Defendants' affirmative defenses and SMI Imaging's Counterclaim ....").) Thus, SMI argues that the Court has supplemental jurisdiction over its counterclaims because the counterclaims "will rely in large part on the same evidence" as its affirmative defenses.
However, both Rule 13 and § 1367 speak only of the relationship between claims and contain no reference to the relationship between an affirmative defense and a purported counterclaim. See Lawrence & Assocs., Inc. v. Amdocs Champaign, Inc. , 2007 WL 390732, at *3 (E.D. Mo. Jan. 31, 2007) ("The issue is whether the counterclaims and the claims, not the potential affirmative defenses to those claims, are so related as to form the same case or controversy."). And, SMI fails to point to any case law to support its argument that a relationship between affirmative defenses and counterclaims is sufficient to confer supplemental jurisdiction.
*1052 As such, the Court cannot conclude that a counterclaim's relation to an affirmative defense is sufficient to establish supplemental jurisdiction.[2] Accordingly, the Court lacks jurisdiction and must dismiss SMI's counterclaims against Ader.[3]
Finally, the Court addresses SMI's argument that the Court cannot dismiss the "crossclaims against Hi-Caliber, Inc.," regardless of the ruling on Ader's Motion to Dismiss. (Resp. at 2 n.1.) "[C]ourts ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp. , 546 U.S. 500, 501, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Thus, when a court finds that it " 'lacks subject-matter jurisdiction, the court must dismiss the complaint,' sua sponte if necessary." Pistor v. Garcia , 791 F.3d 1104, 1111 (9th Cir. 2015) (quoting Leeson v. Transamerica Disability Income Plan , 671 F.3d 969, 975 n.12 (9th Cir. 2012) ). Because SMI fails to establish that this Court has supplemental jurisdiction over its counterclaims against Ader, so too does it fail to establish supplemental jurisdiction over its crossclaims against Hi-Caliber. As such, the Court must dismiss SMI's crossclaims against Hi-Caliber.[4]
B. Motion to Strike
Next, Ader moves to strike SMI's affirmative defenses of set-off and laches. (Mot. to Dismiss at 15-17.) First, Ader argues that SMI's affirmative defense of set-off should be stricken because it is incorrectly cast as an affirmative defense rather than a counterclaim. Thus, because the Court lacks subject matter jurisdiction over the counterclaims, Ader asserts that it should not consider those same claims when recast as an affirmative defense.
"Courts sometimes use the terms 'setoff' and 'counterclaim' interchangeably." United States v. Sequel Contractors, Inc. , 402 F.Supp.2d 1142, 1156 (C.D. Cal. 2005). The Ninth Circuit, however, has "expressed a willingness to disregard labels and characterize an action according to its substance." In re Parker N. Am. Corp. , 24 F.3d 1145, 1155 (9th Cir. 1994). SMI's affirmative defense alleges that "[a]ny sums due to Ader from Defendants should be set off by the sums owed by Ader to SMI Imaging" stemming from his "engage[ment] in various activities related to the sale of radiological equipment to SMI." (Doc. 34 at 14.) This defense would require the presentation of SMI's own evidence about Ader's alleged misdeeds and a finding by the jury as to Defendants' damages after considering the Court's instruction *1053 on the law regarding Defendants' claims. Only then would the jury offset any award of damages to Ader by the amount awarded to Defendants. The Court thus sees no distinction between the Defendants' affirmative defense of setoff and its counterclaims, which have been dismissed for lack of subject matter jurisdiction. Because the Court does not have jurisdiction over those counterclaims, the Court finds no basis for allowing the parties to litigate those same claims just because they have been framed as an affirmative defense rather than a counterclaim. As such, the Court will strike Defendants' seventeenth affirmative defense of set-off.
However, with regard to Ader's argument to strike SMI's affirmative defense of laches, the Court finds that Ader fails to make a sufficient showing to warrant striking the defense at this time. In his Motion, Ader cites to a single, non-precedential case from the Central District of California to stand for the proposition that laches is not a valid defense in any case brought under the FLSA. Given the lack of argument on the issue, the Court cannot conclude that it is "absolutely clear" that the defense "could have no possible bearing on the litigation." See Brewer , 609 F.Supp.2d at 1113. The Court thus denies Ader's Motion as it pertains to SMI's third affirmative defense.
IV. CONCLUSION
SMI fails to demonstrate that Counts I-V of its Counterclaim and Crossclaim arise from the same common nucleus of operative fact as Ader's claims. Thus, the Court lacks supplemental jurisdiction over those counterclaims. Additionally, the Court strikes SMI's seventeenth defense of set-off because it merely recasts SMI's counterclaims, over which the Court lacks jurisdiction, as an affirmative defense.
IT IS THEREFORE ORDERED granting in part and denying in part Ader's Motion to Dismiss Counterclaims and Motion to Strike Certain Affirmative Defenses (Doc. 38).
IT IS FURTHER ORDERED dismissing SMI's counterclaims and crossclaims for lack of subject matter jurisdiction.
IT IS FURTHER ORDERED striking SMI's seventeenth affirmative defense of setoff. Plaintiff's Motion as it pertains to SMI's third affirmative defense of laches is denied.

Thus, a permissive counterclaim is one which does not arise out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

It is of note that neither SMI's defense of set-off nor its defense of after-discovered evidence serve the purpose of rebutting SMI's liability, rather each affirmative defense only serves to limit the extent of Ader's damages should he prevail on his claims.

Even if the Court had supplemental jurisdiction over SMI's counterclaims, it would decline to exercise that jurisdiction pursuant to § 1367(c)(4). In doing so, the Court finds persuasive Judge Sedwick's conclusion that "[f]ederal FLSA policy presents a compelling reason for the Court to refuse to exercise supplemental jurisdiction over Defendants' counterclaims." See Poehler , 2015 WL 7299804, at *2 ; see also Brennan v. Heard , 491 F.2d 1, 4 (5th Cir. 1974) ("The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.") rev'd on other grounds by McLaughlin v. Richland Shoe Co. , 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

Because the Court lacks jurisdiction over SMI's counterclaims and crossclaims, it need not consider Ader's arguments under Rule 12(b)(6).