**Bridget WEINTRAUB, Plaintiff,**

v.

**LAW OFFICE OF PATENAUDE & FELIX, A.P.C.; et al., Defendants.**

**No. 13–cv–1032–W (RBB).**

United States District Court, S.D. California.

Signed April 21, 2014.

Andre L. Verdun, Crowley Law Group, Eric A. Laguardia, Laguardia Law, Michael L. Crowley, Law Office of Michael L. Crowley, San Diego, CA, for Plaintiff.

June D. Coleman, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 41]

THOMAS J. WHELAN, District Judge.

Pending before the Court is Plaintiff Bridget Weintraub's motion to strike Defendants Law Office of Patenaude & Felix, A.P.C. and National Collegiate Trust ("NCT")'s affirmative defenses under Federal Rule of Civil Procedure 12(f). Specifically, Plaintiff requests that the Court strike the First through Thirteenth affirmative defenses from Defendants' answer. Defendants oppose.

The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS WITH LEAVE TO AMEND** Plaintiff's motion to strike. (Doc. 41.)

## I. BACKGROUND

According to the Second Amended Complaint ("SAC"), sometime before January 2013, Plaintiff "allegedly fell behind in payments allegedly owed on [an] alleged debt." (SAC ¶ 18.) This alleged debt was then "assigned, placed or otherwise transferred[ ] to Defendants for collection." (*Id.* ¶ 19.) On or about January 23, 2013, Plaintiff received a dunning letter from Defendant Patenaude & Felix. (*Id.* ¶ 20.) The letter states, in part, "In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount current owed." (*Id.* ¶ 33.)

On January 22, 2014, Plaintiff filed her SAC. (Doc. 30.) In the Sac, Plaintiff asserts claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act"). All of the alleged violations stem from the content of the dunning letter.

Plaintiff now moves to strike all of Defendants' affirmative defenses on the basis that "Defendants have attempted to allege defenses which are not actually defenses, Defendants have raised immaterial defenses, and that the defenses are not pled with sufficient particularity to provide Plaintiff[s] with 'fair' notice." (Pl.'s Mot. 5:10–13.) Defendants oppose.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,* 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826 (9th Cir.1979); *see also* Fed.R.Civ.P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC,* No. C–04–3133, 2005 WL 645592, at *2 (N.D.Cal.2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." *Wyshak,* 607 F.2d at 827 (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (emphasis added); *Simmons v. Navajo,* 609 F.3d 1011, 1023 (9th Cir.2010); *Schutte & Koerting, Inc. v. Swett & Crawford,* 298 Fed.Appx. 613, 615 (9th Cir.2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99. It does not, however, require a detailed statement of facts. *Id.* at 47–48, 78 S.Ct. 99. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility, LLC,* 657 F.Supp.2d 1140, 1149–50 (N.D.Cal.2009).

## III. DISCUSSION

### A. Pleading Affirmative Defenses

The Ninth Circuit has directed courts to evaluate the pleading sufficiency of affirmative defenses under the "fair notice" standard. *Wyshak,* 607 F.2d at 827. Plaintiff suggests that the pleading standards established by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), "apply just as strictly to affirmative defenses." (*See* Pl.'s Mot. 5:17–25, 8:1–7.) In response, Defendants assert that "the judges of this District have consis-

tently declined to apply *Twombly* and *Iqbal* to affirmative defenses." (Defs.' Opp'n 4:3–5.) Based on the case law, it is clear that this point of law remains unresolved. *See, e.g., Barnes v. AT & T Pension Benefit Plan–Nonbargained Program,* 718 F.Supp.2d 1167, 1171 (N.D.Cal.2010) (noting that "neither the Ninth Circuit nor any other Circuit Courts of Appeals" have extended *Twombly*'s heightened pleading standard to affirmative defenses).

■ Absent further direction, this Court declines to extend the *Twombly/Iqbal* pleading standards to affirmative defenses. *See Polk v. Legal Recovery Law Offices,* 291 F.R.D. 485, 490 (S.D.Cal.2013); *Kohler v. Islands Rest., LP,* 280 F.R.D. 560, 566 (S.D.Cal.2012). Several considerations inform this conclusion. Most significantly, the Ninth Circuit continues to recognize the "fair notice" standard of affirmative-defense pleading even after *Twombly* and *Iqbal. See Simmons,* 609 F.3d at 1023; *Schutte & Koerting,* 298 Fed.Appx. at 615.

Moreover, the Supreme Court's analysis in *Twombly* and *Iqbal* is itself limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). 556 U.S. at 678–80, 129 S.Ct. 1937; 550 U.S. at 555, 127 S.Ct. 1955. Rule 8(a)(2) requires that the party stating a claim for relief provide "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added). Rule 8(c), on the other hand, only requires a responding party to "affirmatively state" its affirmative defenses. Fed.R.Civ.P. 8(c). The Supreme Court's discussion in *Iqbal* suggests that this distinction is important. *See* 556 U.S. at 679, 129 S.Ct. 1937. Factual plausibility—which is the key difference between *Twombly/Iqbal* pleading and "fair notice" pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party "show[ ]" that it is entitled to relief. *Id.* ("But where the well-pleaded facts do not permit the court to infer

more than mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' ") (quoting Fed.R.Civ.P. 8(a)(2)). Stating an affirmative defense under Rule 8(c), however, does not require the pleader to "show" entitlement to its defense.[1] *See* Fed. R.Civ.P. 8(c). Applying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not "judicial interpretation," is necessary to "broaden the scope" of specific federal pleading standards. *See* 550 U.S. at 569 n. 14, 127 S.Ct. 1955.

Finally, the Court is persuaded by the District of Colorado's recognized distinction between the time a plaintiff has to compose a complaint versus the time a defendant has to answer it. *See Holdbrook v. SAIA Motor Freight Line, LLC,* No. 09–cv–02870, 2010 WL 865380, at *2 (D.Colo. Mar. 8, 2010). As the court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses." *Id.; see* Fed.R.Civ.P. 12(a).

For these reasons, the Court will review the sufficiency of Defendants' affirmative defenses under the "fair notice" pleading standard.

**B. First Affirmative Defense—Failure to State a Claim**

■ In their first affirmative defense, "Defendants allege that the Second Amended Complaint fails to state facts sufficient to constitute a cause of action." (Answer 5:3–6.) The Court agrees with Plaintiff that this simple statement is insufficient to provide "fair notice." *See Wyshak,* 607 F.2d at 827. Although Defendants' pleading need not be supported by detailed factual allegations, it requires the responding party to "state in short and plain terms its defenses to each claim asserted against it." *Id.*

---

1. Nor does pleading of non-affirmative defenses under Rule 8(b)(1) require any type of "showing." *See* Fed.R.Civ.P. 8(b)(1). Rule 8(b)(1) only

must at least give notice of the "grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99. Defendants fail to do so in their first affirmative defense. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' first affirmative defense.

### C. Second Affirmative Defense—Comparative Fault

■ In their second affirmative defense, Defendants "allege that Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Second Amended Complaint by the Plaintiff, and Plaintiff's agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiff's behalf." (Answer 5:10–14.) Defendants' pleading fails to give Plaintiff any indication of the conduct referenced. Therefore, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Accordingly, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' second affirmative defense.

### D. Third Affirmative Defense—Bona Fide Error

In their third affirmative defense, Defendants contend that "they have no civil liability under the FDCPA … or the Rosenthal [Act] … as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation." (Answer 5:20–24.) The FDCPA makes an exception for debt collectors "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The Rosenthal Act contains an analogous exception. Cal. Civ. Code § 1788.30 ("A debt collector shall have no civil liability to which such debt collector might otherwise be subject for a violation of this title, if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.").

■ However, Defendants fail to specify to which mistakes or errors they refer. They also fail to specify what, if any, "procedures reasonably adopted to avoid any such violation" were maintained. Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' third affirmative defense.

### E. Fourth Affirmative Defense—Waiver and Estoppel

■ In their fourth affirmative defense, Defendants "allege that as a result of her own acts and/or omissions, Plaintiff has waived any right which she may have had to recover, and /or is estopped from recovering, any relief sought against Defendants." (Answer 5:28–6:3.) Defendants give no indication of how Plaintiff may have waived her right to recovery, or how she may be estopped from recovering against Defendants. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' fourth affirmative defense.

### F. Fifth Affirmative Defense—Intervening and Superseding Cause

■ In their fifth affirmative defense, Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the [SAC], such loss, damage, or injury was legally caused or contributed to

by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiff complains.

(Answer 6:6–12.) Defendants do not identify what wrongful conduct may have contributed to Plaintiff's alleged injury, and they do not identify what parties were responsible for that conduct. As such, Defendants have not sufficiently alleged the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' fifth affirmative defense.

### G. Sixth Affirmative Defense—Laches

█ In their sixth affirmative defense, Defendants "allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Second Amended Complaint by the doctrine of laches." (Answer 6:15–18.) Defendants do not identify how this doctrine would apply in this case, or what conduct by whom would provide for its application here. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' sixth affirmative defense.

### H. Seventh Affirmative Defense—Good Faith

In their seventh affirmative defense, Defendants contend that "Defendants['] actions were taken in good faith and with a reasonable belief that such action were legal, appropriate, and necessary." (Answer 6:21–24.)

█ A good-faith defense fails as a matter of law with regard to the alleged FDCPA violation because the FDCPA is essentially a strict-liability statute. *See Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162, 1175 (9th Cir.2006) (stating that the FDCPA does not require that a violation of § 1692e be knowing or intentional). However, good faith may be a viable defense to the alleged violation of the California Civil Code because § 1788.15(a) states that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector *knows* that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected." Cal. Civ.Code § 1788.15(a). Furthermore, Section 1788.30(b) allows for liability for additional damages besides actual damages where a debt collector violates the statute "willfully and knowingly." Cal. Civ. Code § 1788.30(b).

█ Nevertheless, Defendants fail to identify what actions "were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary." Defendants also fail to identify the legal significance of them having performed those actions in good faith. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' seventh affirmative defense.

### I. Eighth Affirmative Defense—Offset

█ In the eighth affirmative defense, NCT

alleges that by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, NCT has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled. As a result, NCT is entitled to an offset against any sums found owing by NCT.

(Answer 6:28–7:4.) Defendants do not specify to what acts they refer, and they do not identify who performed those acts. As such,

Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Accordingly, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' eighth affirmative defense.

#### J. Ninth Affirmative Defense—Mitigation

■ In their ninth affirmative defense, Defendants allege that "Plaintiff failed and neglected to use reasonable care to protect herself, and to minimize and/or mitigate the losses and/or damages, including but not limited to actual damages asserted in the complaint." (Answer 7:7–11.) Defendants fail to identify in what manner Plaintiff failed to mitigate her damages, or even how she could have done so. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Accordingly, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' ninth affirmative defense.

#### K. Tenth Affirmative Defense—Privilege

■ In their tenth affirmative defense, Defendants contend that "Defendants' conduct was privileged under federal and state common law and/or Civil Code section 47 and under all other applicable privileges." (Answer 7:15–17.) Defendants do not identify what privileges would apply, why those privileges would apply, or even what conduct would be privileged. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' tenth affirmative defense.

#### L. Eleventh Affirmative Defense—Ratification

■ In their eleventh affirmative defense, Defendants "allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported cause of action set forth in the [SAC] by the doctrine of ratification." (Answer 7:21–24.) Defendants fail to identify the acts of Plaintiff to which they refer. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' tenth affirmative defense.

#### M. Twelfth Affirmative Defense—Unclean Hands

■ In their twelfth affirmative defense, Defendants "allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Second Amended Complaint by the doctrine of unclean hands." (Answer 7:28–8:2.) Defendants give no indication of how this doctrine would apply, or why. As such, Defendants fail to sufficiently allege the grounds upon which their defense rests so as to give fair notice of that defense to Plaintiff. *See Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Wyshak,* 607 F.2d at 827. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' tenth affirmative defense.

#### N. Thirteenth Affirmative Defense—Assumption of Risk, Duress, Fraud, Illegality, Res Judicata, Failure to Join and Indispensable Party, and Abatement

In what Defendants list in their answer as their thirteenth affirmative defense, Defendants in fact provide seven affirmative defenses "so as not to waive them at this time": assumption of risk, duress, fraud, illegality, res judicata, failure to join an indispensable party, and abatement. (Answer 8:8–9.)

■ The mere "'reservation of affirmative defenses' is not an affirmative defense." *E.E.O.C. v. Timeless Invs., Inc.,* 734

F.Supp.2d 1035, 1055 (E.D.Cal.2010). Defendants may assert additional affirmative defenses later by amending their pleadings in compliance with Rule 15. *See* Fed.R.Civ.P. 15; *United States v. Global Mortg. Funding, Inc.*, No. SACV 07–1275, 2008 WL 5264986, at *5 (C.D.Cal. May 15, 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15."); *Timeless Invs.*, 734 F.Supp.2d at 1055 ("Rule 15 does not require a defendant to 'expressly reserve' unnamed affirmative defenses in its answer."). In short, Defendants "[are] either entitled to raise additional defenses at a later time or [ ] [are] not; [their] attempt to reserve [their] rights to do so is a legal nullity." *Global Mortg. Funding, Inc.*, 2008 WL 5264986, at *5. Therefore, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' thirteenth affirmative defense.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to strike. (Doc. 41.) Specifically, the Court **STRIKES WITH LEAVE TO AMEND** Defendants' First through Thirteenth affirmative defenses. If Defendants wish to file an amended answer that is consistent with this order, they must do so no later than *May 12, 2014.*

**IT IS SO ORDERED.**