Kariann BALON, Plaintiff

v.

ENHANCED RECOVERY COMPANY, INC., Defendant

CIVIL ACTION NO. 3:16-CV-0410

United States District Court, M.D. Pennsylvania.

Signed September 15, 2016

Carlo Sabatini, Brett M. Freeman, Sabatini Law Firm, LLC, Dunmore, PA, for Plaintiff.

Richard J. Perr, Fineman Krekstein & Harris, P.C., Philadelphia, PA, for Defendant.

## MEMORANDUM

William J. Nealon, United States District Judge

Plaintiff, Kariann Balon, filed a complaint against Defendant, Enhanced Recovery Company, Inc., alleging that Defendant violated the Fair Debt Collection Practices Act,15 U.S.C. § 1692, et seq. ("FDCPA"). (Doc. 1). On March 16, 2016, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and brief in support. (Docs. 3, 4). On June 2, 2016, Defendant's motion to dismiss was denied. (Docs. 9, 10). On June 16, 2016, Defendant filed its answer and corporate disclosure statement. (Docs. 11, 12). On June 29, 2016, Defendant filed an amended answer. (Doc. 15). On July 25, 2016, Plaintiff filed a motion to strike the second and third affirmative defenses in Defendant's amended answer. (Doc. 18). On August 9, 2016, Plaintiff filed her brief in support.[1] (Doc. 19). On August

---

1. Plaintiff notes that "[i]n her motion, ... she was challenging Defendant's third and seventh affirmative defense," and that she "hereby with- draws her challenge to Defendant's seventh affirmative defense." (Doc. 19, p. 1 n.1). Notably, while Defendant's original answer contained a

23, 2016, Defendant filed its brief in opposition. (Doc. 20). On August 24, 2016, Plaintiff filed her reply. (Doc. 21). As a result, Plaintiff's motion to strike the second and third affirmative defenses in the amended answer is ripe for disposition. For the reasons stated below, Plaintiff's motion to strike Defendant's second and third affirmative defenses in its amended answer will be granted.

## I. STANDARD OF REVIEW

■ Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may act under Rule 12(f) "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f)(1)–(2). "A Rule 12(f) motion to strike is the 'primary procedure' for objecting to an insufficient affirmative defense." Sinclair Cattle Co. v. Ward, 2015 WL 6125260, at *2, 2015 U.S. Dist. LEXIS 140746, at *3–4 (M.D.Pa.2015) (Conner, J.) (citing Wincovitch v. Edwin A. Abrahamsen & Assocs., 2013 WL 1909578, 2013 U.S. Dist. LEXIS 65799 (M.D.Pa.2013) (Nealon, J.); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2015)).

■ "Motions to strike are decided on the pleadings alone, and should not be granted unless the relevant insufficiency is 'clearly apparent.'" Stewart v. Keystone Real Estate Grp., LP, 2015 WL 1471320, at *5, 2015 U.S. Dist. LEXIS 40912, at *13 (M.D.Pa.2015) (Brann, J.) (quoting Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir.1986)). "While 'courts possess considerable discretion in weighing Rule 12(f) motions, such motions are not favored,' and courts are reticent to grant them." Id. (quoting Miller v. Grp. Voyagers, Inc., 912 F.Supp. 164, 168 (E.D.Pa.1996)); see Intermetro Indus. Corp.

v. Enovate Med., LLC, 2016 WL 521535, at *7, 2016 U.S. Dist. LEXIS 14341, at *20 (M.D.Pa. Feb. 5, 2016) (Mariani, J.). Such motions should be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or confuses the issues. Wincovitch, 2013 WL 1909578, at *1, 2013 U.S. Dist. LEXIS 65799, at *2 (citing Hanselman v. Olsen, 2006 WL 47655, 2006 U.S. Dist. LEXIS 1715 (M.D.Pa.2006) (McClure, J.); McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa.2002)). "One court noted that a [12(f) ] motion should 'be denied unless allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Stewart, 2015 WL 1471320, at *6, 2015 U.S. Dist. LEXIS 40912, at *13 (quoting Hanselman, 2006 WL 47655, at *1, 2006 U.S. Dist. LEXIS 1715, at *4); see Intermetro Indus. Corp., 2016 WL 521535, at *7, 2016 U.S. Dist. LEXIS 14341, at *20 (quoting Krisa v. Equitable Life Assurance Soc'y, 109 F.Supp.2d 316, 319 (M.D.Pa.2000) (Vanaskie, J.)). Notably, 'prejudice to one or more of the parties [is the] touchstone for deciding a motion to strike." Fulton Fin. Advisors, Nat'l Ass'n v. NatCity Invs., Inc., 2013 WL 5635977, at *19, 2013 U.S. Dist. LEXIS 148025, at *67 (E.D.Pa. 2013); Sinclair Cattle Co., 2015 WL 6125260, at *1, 2015 U.S. Dist. LEXIS 140746, at *3 (quoting Fulton Fin. Advisors, 2013 WL 5635977, at *19, 2013 U.S. Dist. LEXIS 148025, at *67; citing Wincovitch, 2013 WL 1909578, at *1, 2013 U.S. Dist. LEXIS 65799, at *2–3).

## II. DISCUSSION

Plaintiff argues that two (2) of Defendant's affirmative defenses should be stricken. Specifically, Plaintiff challenges Defendant's bona fide error defense asserted pursuant to 15 U.S.C. § 1692k(c) and the statute of limitations defense asserted under 15 U.S.C. § 1692k(d).[2] (Doc. 19, p. 2). However, before

---

seventh affirmative defense, (Doc. 11, p. 4), its amended answer does not. (Doc. 15, p. 5). Therefore, to the extent Plaintiff's motion was originally intended to challenge an affirmative defense other than Defendant's second and third affirmative defenses, that portion of Plaintiff's motion will be deemed withdrawn.

2. Defendant's affirmative defense concerning the statute of limitations states, in relevant part, that Plaintiff's FDCPA claim "may be barred by the statute of limitations." (Doc. 15). While it does not specifically cite to a particular statute, it is determined that Defendant's statute of limitations defense is in reference to the FDCPA's

reaching the merits of Plaintiff's motion, the Court must first address whether the instant motion was timely filed.

## A. Timeliness of Plaintiff's Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may act "on its own" or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." FED. R. CIV. P. 12(f). Plaintiff filed the instant motion to strike portions of Defendant's June 29, 2016 amended answer. (Doc. 15). Thus, she had to file the motion at issue within 21 days from June 29, 2016, or, more specifically, by July 20, 2016. See FED. R. CIV. P. 6(a)(1), 12(f)(2). However, as stated, Plaintiff filed her motion on July 25, 2016. (Doc. 18). As a result, Plaintiff's motion is untimely under Rule 12(f)(2).

Importantly, untimeliness is not fatal to a motion to strike under Rule 12(f). Specifically, even if a motion to strike is found to be untimely, a court:

> could still properly consider the merits of the motion because Rule 12(f) permits the Court to act "on its own," and this authority "to strike an insufficient defense on its 'own initiative at any time' has been interpreted to allow the district court to consider untimely motions to strike and grant them if doing so seems proper."

Newborn Bros. Co. v. Albion Eng'g Co., 299 F.R.D. 90, 95 (D.N.J.2014) (alterations in original) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1380 (3d ed. 2004)). "Accordingly, 'the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit.' [footnote omitted]" Id. (quoting 5C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1380; citing Huertas v. U.S. Dep't of Educ., 2009 WL 2132429, at *1 n. 1, 2009 U.S. Dist. LEXIS 59320, at *4 n. 1 (D.N.J.2009)).

As discussed in more detail below, Plaintiff's motion to strike has merit. Further, statute of limitations found in 15 U.S.C.

Defendant's opposition to Plaintiff's motion to strike does not argue that the motion should be denied as untimely. See (Doc. 20). Rather, Defendant argues that Plaintiff's motion should be denied on its merits. See (Id.). Therefore, although Plaintiff's motion to strike was untimely filed under Federal Rule of Procedure 12(f)(2), the Court will consider the merits of the arguments presented under Rule 12(f)(1).

## B. Defendant's Bona Fide Error Defense Under 15 U.S.C. § 1692k(c)

Pursuant to section 1692k(c), a debt collector can avoid liability for a violation of the FDCPA "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). "Accordingly, to avail itself of the defense, [the defendant] will have to establish: (1) the alleged violation was unintentional, (2) the alleged violation resulted from a bona fide error, and (3) the bona fide error occurred despite procedures designed to avoid such errors." Beck v. Maximus, Inc., 457 F.3d 291, 297–98 (3d Cir.2006) (citing Johnson v. Riddle, 443 F.3d 723, 727–28 (10th Cir.2006); Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 537 (7th Cir.2005)).

Plaintiff contends that Defendant's bona fide error defense asserted under section 1692k(c) of the FDCPA constitutes an allegation of mistake. (Doc. 19, p. 4) (citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 599, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010)). As such, Plaintiff argues, Federal Rule of Civil Procedure 9(b) requires that a party asserting an affirmative defense of mistake "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Plaintiff states that the Third Circuit "has spoken more generally as to the requirements of" Federal Rule of Civil Procedure 9(b). (Doc. 19, p. 5). According to Plaintiff, Rule 9(b) " 'requires, at a minimum, that plaintiffs support their allegations . . . with all of the essential factu-

§ 1692k(d).

al background that would accompany "the first paragraph of any newspaper story"—that is, the "who, what, when, where and how" of the events at issue.' " (Id.) (quoting In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d at 217).

Although Plaintiff notes that the Third Circuit has yet to rule on the "level of detail required to assert a defense under § 1692k(c)," she indicates that "[o]ther courts have applied Rule 9(b) to defendants' efforts to plead the § 1692k(c) bona fide error defense." (Doc. 19, p. 5). In particular Plaintiff cites to the following cases in support: Bradshaw v. Hilco Receivables, LLC, 725 F.Supp.2d 532, 537 (D.Md.2010); and Konewko v. Dickler, Kahn, Sloikowsi & Zavell, Ltd., 2008 WL 2061551, 2008 U.S. Dist. LEXIS 40685 (N.D.Ill.2008). (Doc. 19, pp. 5-6).

According to Plaintiff, Defendant's bona fide error defense, when analyzed under the requirements of Federal Rule of Civil Procedure 9(b), lacks sufficient "factual allegations" and thus, "does not comply with Rule 9(b) and should be stricken." (Id. at p. 2). Further, she contends that "[b]y failing to comply with Rule 9(b), Defendant has deprived Plaintiff of receiving fair notice of the affirmative defense." (Id. at p. 6) (citing Jacobson v. Persolve, LLC, 2014 WL 4090809, at *7, 2014 U.S. Dist. LEXIS 115601, at *22-24 (N.D.Cal.2014)). Plaintiff also notes that a number of courts "have stricken similarly inadequate efforts to assert the § 1692k(c) bona fide error defense." (Id. at p. 6 n. 2) (citing Racick v. Dominion Law Assocs., 270 F.R.D. 228, 235 (E.D.N.C.2010); Polk v. Legal Recovery Law Offices, 291 F.R.D. 485, 492 (S.D.Cal.2013); Bradshaw, 725 F.Supp.2d at 537; Weintraub v. Law Office of Patenaude & Felix, A.P.C., 299 F.R.D. 661, 666 (S.D.Cal. 2014); Perez v. Gordon & Wong Law Grp., P.C., 2012 WL 1029425, 2012 U.S Dist. LEXIS 41080 (N.D.Cal.2012); Lowe v. Diversified Consultants, Inc., 2012 WL 3776715, 2012 U.S. Dist. LEXIS 123650 (N.D.Ill.2012); Youssofi v. Allied Interstate LLC, 2016 WL 29625, 2016 U.S. Dist. LEXIS 808 (S.D.Cal. Jan. 4, 2016); Nyberg v. Portfolio Recovery Assocs., LLC, 2016 WL 3176585, 2016 U.S. Dist. LEXIS 71897 (D.Or. June 2, 2016)). As

a result, Plaintiff argues, Defendant's bona fide error defense should be stricken for failing to comply with Federal Rule of Civil Procedure 9(b). (Doc. 19, pp. 6-7).

In opposition, Defendant argues that "Plaintiff mistakenly states that Defendant's Bona Fide Error affirmative defense is subject to a heightened pleading standard." (Doc. 20, p. 2). According to Defendant, Plaintiff's claim "is not supported by the language of the FDCPA or by [Rule 9(b)]." (Id.). Defendant contends that its bona fide error defense was "plead pursuant to 15 U.S.C. § 1692k(c), which states that '[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedure reasonably adapted to avoid any such error.' " (Id. at pp. 2–3). "Accordingly," Defendant concludes, "there is no standard for heightened pleading under the FDCPA." (Id. at p. 3).

Defendant also argues that it "is not making an allegation that there was a fraud or mistake." (Id.). Rather, Defendant states that it is "simply pleading its affirmative defense of a Bona Fide Error pursuant to 15 U.S.C. § 1692k(c), which does not trigger the heightened pleading standard" of Rule 9(b) (Id.).

"In addition," Defendant continues, "both affirmative defenses should not be stricken as discovery is ongoing and Defendant is continuing its factual investigation." (Doc. 20, p. 3). "Further," Defendant notes that the "parties are currently discussing responses to discovery." (Id.). "Therefore, it is premature for Plaintiff to assert that any defense should be precluded." (Id.). According to Defendant, "[b]ased on the outcome of discovery, it is possible that Plaintiff could move to assert amended claims and seek additional damages." (Id.). As a result, Defendant contends that it "needs to be able to preserve its rights by asserting affirmative defenses regarding the statute of limitations and the Bona Fide Error defense." (Id.).

In reply, Plaintiff argues that "Defendant's opposition to Plaintiff's motion to strike is

wholly without merit." (Doc. 21, p. 1). First, Plaintiff challenges Defendant's claim that Rule 9(b) does not apply to the bona fide error defense because it is not alleging fraud or mistake. (Id.). "However," Plaintiff argues, "this argument is nonsensical." (Id.). Plaintiff specifies that "[t]here is no reason why Rule 9's heightened pleading standard, which applies when a mistake was made, would not apply when an error was made.[footnote omitted]" (Id. at pp. 1–2).

Plaintiff also takes issue with Defendant's claim that "the bona fide error defense needs only to be proven by a mere preponderance of the evidence." (Doc. 21, p. 2). Plaintiff argues that "Defendant then inappropriately conflates this burden of proof with the pleading requirements." (Id.). Plaintiff states that "Defendant argues that because its affirmative defense needs to be proven by merely a preponderance of the evidence that 'there is no standard for heightened pleading under the FDCPA.'" (Id.) (quoting Doc. 20, p. 3). "But," Plaintiff contends, "this reading would eviscerate Rule 9 for many claims, as not all frauds and mistakes require a heightened burden of proof." (Id.) (citing Herman & MacLean v. Huddleston, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Therefore, Plaintiff concludes, "Defendant's argument that Rule 9 cannot apply to the bona fide error defense simply because it can be proven by a mere preponderance of the evidence is certainly incorrect." (Id. at p. 3).

Additionally, Plaintiff also states that "Defendant has not addressed any of the authority Plaintiff cited in her brief which has held that Rule 9's heightened pleading standard applies to the bona fide error defense." (Id.). "Thus," Plaintiff argues that "because the clear weight of authority demonstrates that the heightened pleading standard applies to the bona fide error defense, and Defendant's affirmative defense clearly does not satisfy this heightened pleading standard, the affirmative defense should be stricken." (Id.).

Federal Rule of Civil Procedure 9(b) requires that:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). Affirmative defenses subject to Federal Rule of Civil Procedure 9(b) must be supported "with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 217 (3d Cir.2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420, 1426 (3d Cir.1997)).

Here, as noted, Plaintiff is arguing that Defendant's bona fide error defense is subject to Rule 9(b) because such a defense alleges mistake. See (Doc. 19, p. 2). As a result, if Defendant's section 1692k(c) bona fide error defense constitutes an allegation of mistake it will be subject to the heightened pleading standard in Rule 9(b).

As stated by Plaintiff, there is a dearth of case law in the Third Circuit specifically addressing whether the section 1692k(c) bona fide error defense is an allegation of mistake and thus, held to the heightened pleading standard in Federal Rule of Civil Procedure 9(b). However, courts from outside the Third Circuit have addressed this issue and found that Rule 9(b) applies to the FDCPA's bona fide error defense.[3] See Youssofi, 2016 WL

---

**3.** Notably, a number of district courts have disposed of motions to strike a defendant's bona fide error defense to an FDCPA action without an assessment as to whether that defense is subject to Rule 9(b). In some of those cases, the motion to strike the bona fide error defense was denied. See, e.g., Harris v. Nationstar Mortg., LLC, 2014 U.S. Dist. LEXIS 66346, at *6–8, adopted by, 2014 U.S. Dist. LEXIS 66344 (M.D.Fla.2014); Vallecastro v. Tobin, Melien & Marohn, 2014 WL 7185513, at 7–8, 2014 U.S. Dist. LEXIS 173604, at *17–18 (D.Conn.2014); Sewell v. Allied Interstate, Inc., 2011 WL 32209, at *7–8, 2011 U.S. Dist. LEXIS 983, at *21–25 (E.D.Tenn.2011). For example, in Harris, the district court, when faced with a motion to strike a defendant's bona fide error defense to an FDCPA action, did not address whether that defense was subject to Rule 9(b). Instead, the court found that the bona fide error defense survived the plaintiff's motion to strike because "[a]s Rules 8(b) and 8(c) do not require Defendant to plead detailed factual allegations, [the defendant's bona

29625, at *3, 2016 U.S. Dist. LEXIS 808, at *7–8 ("[d]istrict courts have held that the affirmative defense of bona fide error must be stated with particularity under Rule 9(b)") (citing Walters v. Performant Recovery, Inc., 124 F.Supp.3d 75 (D.Conn.2015); Nguyen v. HOVG, LLC, 2014 WL 5361935, at *2, 2014 U.S. Dist. LEXIS 149719, at *3–4; Jacobson, 2014 WL 4090809, at *7, 2014 U.S. Dist. LEXIS 115601, at *22–25; Wiebe v. Zakheim & Lavrar, P.A., 2012 WL 5382181, at *2, 2012 U.S. Dist. LEXIS 156894, at *6–7 (M.D.Fla. 2012); Bradshaw, 725 F.Supp.2d 532, 537 (D.Md.2010); Konewko, 2008 WL 2061551, at *1, 2008 U.S. Dist. LEXIS 40685, at *1–3); Arnold v. Bayview Loan Serv., LLC, 2016 WL 375154, at *7, 2016 U.S. Dist. LEXIS 10509, at *24 (S.D.Ala. Jan. 29, 2016) ("Plaintiff is correct that federal courts have required defendants to plead the FDCPA bona fide error defense with particularity.") (citing Walters, 124 F.Supp.3d at 82); see also Vanhuss v. Kohn Law Firm S.C., 127 F.Supp.3d 980, 984 (W.D.Wisc.2015) (noting that, while "[a]t least one court has held, albeit without extensive analysis, that the bona fide error defense is subject to … Rule 9(b)," there "is a real question as to whether requiring a party to plead its own mistake with particularity makes sense in light of the purposes behind the heightened pleading standard,[footnote omitted] the plain language would appear to require it, and so the court will assume Rule 9(b) applies.").

For example, in Walters, the United States District Court for the District of Connecticut found "that '[b]ecause the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity.'" Walters, 124

F.Supp.3d at 82 (quoting Nguyen, 2014 WL 5361935, at *2, 2014 U.S. Dist. LEXIS 149719, at *4; citing Wiebe, 2012 WL 5382181, 2012 U.S. Dist. LEXIS 156894; Konewko, 2008 WL 2061551, 2008 U.S. Dist. LEXIS 40685). "Thus, this affirmative defense is subject to a heightened pleading standard, regardless of whether Iqbal or Twombly generally apply to affirmative defenses." Id. (citing FED. R. CIV. P. 9(b)).

A finding that Defendant's FDCPA's bona fide error defense is subject to Rule 9(b) is also supported by the description of the bona fide error defense by federal appellate courts. Specifically, in Jerman, the United States Supreme Court found "force in the suggestion by the Government … that the broad statutory requirement of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes." Jerman, 559 U.S. at 587, 130 S.Ct. 1605 (emphasis added). The United States Court of Appeals for the Seventh Circuit has described the FDCPA's bona fide error defense, in part, as an error, "made in good faith; a genuine mistake, as opposed to a contrived mistake." Kort v. Diversified Collection Servs., Inc., 394 F.3d 530, 538 (7th Cir.2005) (emphasis added) (citing Black's Law Dictionary 168 (7th ed. 1999); Edwards v. McCormick, 136 F.Supp.2d 795, 801 n. 8 (S.D.Ohio 2001)). This description was then followed by the United States Court of Appeals for the Eleventh Circuit in Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1353 (11th Cir.2009) (quoting Kort, 394 F.3d at 538; citing Black's Law Dictionary 186 (8th ed. 2004); Garcia v. Vanguard Car Rental USA,

___

fide error] defense sufficiently puts Plaintiff on notice of the defense. Accordingly, Plaintiff's motion to strike Defendant's first affirmative defense should be denied." Harris, 2014 U.S. Dist. LEXIS 66346, at *8. Similarly, in Vallecastro, the district court denied the plaintiff's motion to strike the defendant's bona fide error defense to an FDCPA action. According to the district court, the defendant "met its obligation to 'affirmatively state any … affirmative defense' upon which it intends to rely with respect to its bona fide error defense, and [the plaintiff] has not articulated a basis for striking that defense." Vellecastro, 2014 WL 7185513, at *8, 2014 U.S. Dist. LEXIS 173604, at *18 (quoting FED. R. CIV. P. 8(c)). In

other cases, district courts have struck the bona fide error defense without reference to Rule 9(b). See, e.g., Perez v. Gordon & Wong Law Grp., P.C., 2012 WL 1029425, at *9–10, 2012 U.S. Dist. LEXIS 41080, at *35–38 (N.D.Cal.2012); Racick v. Dominion Law Assocs., 270 F.R.D. 228, 235 (E.D.N.C.2010) (finding that "Defendants have essentially copied the language in [section 1692k(c)], but have not provided any notice of the specific error upon which it relies to assert the defense."). Since the applicability of Rule 9(b) to the FDCPA's bona fide error defense was not addressed in these cases, it is determined that they lack sufficient persuasiveness as to the issue at bar.

Inc., 540 F.3d 1242, 1246 (11th Cir.2008)). Additionally, the United States Court of Appeals for the Second Circuit has noted that in section 1692k(c) "the FDCPA sets forth the proper mechanism for taking account of the debt collector's assertion of a good faith <u>mistake</u> . . . ." <u>Hess v. Cohen & Slamowitz, LLP</u>, 637 F.3d 117, 125 (2d Cir.2011) (emphasis added).

Further, the discussion of the FDCPA bona fide error defense by the United States District Court for the Eastern District of Pennsylvania in <u>Yentin v. Michaels, Louis & Assocs., Inc.</u>, 2011 WL 4104675, 2011 U.S. Dist. LEXIS 104711 (E.D.Pa.2011), also supports a determination that it is subject to the heightened pleading standards of Rule 9(b). In particular, the court said that to establish the bona fide error defense "the debt collector must show that this <u>mistake</u> resulted despite the operation of procedures designed to avoid this <u>mistake</u>." <u>Id.</u> at *16, 2011 U.S. Dist. LEXIS 104711, at *50–51 (emphasis added). Additionally, the Eastern District of Pennsylvania stated in an earlier decision that "[t]he bona fide error defense generally encompasses clerical <u>mistakes</u> or instances where, despite procedures employed to avoid a particular type of error, such an error is inadvertently made." <u>Thomas v. NCO Fin. Sys., Inc.</u>, 2002 WL 1773035, at *6, 2002 U.S. Dist. LEXIS 14157, at *16 (E.D.Pa.2002) (emphasis added) (citing <u>Patzka v. Viterbo Coll.</u>, 917 F.Supp. 654, 659 (W.D.Wisc.1996)); see also <u>Moore v. Fein, Kahn & Shepard, P.C.</u>, 2012 WL 3945539, at *7 n. 1, 2012 U.S. Dist. LEXIS 83428, at *19 n. 1 (D.N.J.2012); <u>Regan v. Law Offices of Edwin A. Abrahamsen & Assocs.</u>, 2009 WL 4396299, at *6–7, 2009 U.S. Dist. LEXIS 112046, at *21–22 (E.D.Pa.2009).

■ Based on the foregoing, it is determined that Defendant's bona fide error defense asserted pursuant to section 1692k(c) is subject to the heightened pleading standard of Rule 9(b). Thus, the question then becomes whether the allegations concerning Defendant's bona fide error defense satisfy the requirements of Rule 9(b).

As discussed above, to satisfy Rule 9(b), the party must " 'plead the who, what, when, where and how: the first paragraph of any newspaper story.' " <u>Branche v. Wells Fargo Mortg. Co.</u>, 2012 WL 3560825, at *1, 2012 U.S. Dist. LEXIS 115551, at *2 (M.D.Pa. 2012) (Caldwell, J.) (quoting <u>Ins. Investors Grp. v. Avaya, Inc.</u>, 564 F.3d 242, 253 (3d Cir.2009)). Here, Defendant's bona fide error defense alleges "that any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." (Doc. 15, pp. 4-5). Clearly, Defendant's bona fide error defense is insufficient because it does not allege the "who, what, when, where and how" of the claimed bona fide error. <u>See</u> (<u>Id.</u>). Rather, these allegations by Defendant are nothing more than a recitation of the bona fide error defense language found in 15 U.S.C. § 1692k(c). As a result, Defendant's bona fide error defense fails to satisfy Rule 9(b). <u>See UHS of Del., Inc. v. United Health Servs.</u>, 2015 WL 7294454, at *7, 2015 U.S. Dist. LEXIS 156234, at *19 (M.D.Pa.2015) (Conner, J.) (finding that the defendant's counterclaims fell "well short of Rule 9(b)'s pleading requirement," in part, because "[a]t their core, [the defendant's] challenged counts are little more than formulaic recitations."). Therefore, Plaintiff's motion to strike Defendant's bona fide error defense will be granted, and that defense will be stricken without prejudice.

### C. Defendant's Statute of Limitations Defense Under 15 U.S.C. 1692k(d)

■ Plaintiff argues that Defendant's statute of limitations defense should be stricken because it fails as a matter of law. (Doc. 19, p. 2). Specifically, Plaintiff contends that "it is clear that the statute of limitations will not be a defense to this action." (<u>Id.</u> at p. 7). In support, she notes that "the offending collection letter to the complaint" was "mailed on February 9, 2015." (<u>Id.</u> at p. 8). She then filed her complaint in this matter on February 2, 2016. (<u>Id.</u>). "Thus, it is legally impossible for the statute of limitations to have already passed." (<u>Id.</u>). "As a result," Plaintiff concludes, "because the statute of limitations defense is immaterial to this action, it should be stricken pursuant to Rule 12(f)." (<u>Id.</u>).

As discussed above, Defendant opposes the motion by arguing that the challenged defenses should not be stricken because "discovery is ongoing and [it] is continuing its factual investigation." (Doc. 20, p. 3). Additionally, "the parties are currently discussing responses to discovery," and "Plaintiff could move to assert amended claims and seek additional damages." (Id.). As a result, Defendant contends that it is "premature for Plaintiff to assert that any defense should be precluded," and, furthermore, it "needs to be able to preserve its rights by asserting affirmative defenses regarding the statute of limitations . . . ." (Doc. 20, p. 3).

In response to Plaintiff's argument that Defendant's statute of limitations defense is "legally impossible," Defendant claims that such an argument should be rejected because, again, it "needs to preserve its rights in the event that Plaintiff seeks to amend her claims." (Id. at pp. 3–4).

In reply, Plaintiff states that Defendant's argument concerning its statute of limitations defense is "baseless." (Doc. 21, p. 3). According to Plaintiff, "[t]he only argument Defendant makes in support of this defense is that Plaintiff could seek to amend her complaint to add a new claim, so 'Defendant needs to preserve its rights in the event that Plaintiff seeks to amend her claims.'" (Id.) (quoting Doc. 20, p. 4). She argues that "it is improper to raise an affirmative defense just because there is a theoretical possib[ility] that the plaintiff may seek to amend her pleading." (Id. at p. 4). "Furthermore," Plaintiff contends, "even if Defendant's hypothetical concern is realized, and Plaintiff does amend her complaint, Defendant would still get to file an answer to the amended complaint." (Id.). "Thus, Defendant is not preserving anything by including its legally impossible affirmative defense here since, it will always be afforded a right to file an amended answer if Plaintiff amends her complaint." (Doc. 21, p. 4).

"Rule 8(c) applies to affirmative defenses and requires a party only to 'affirmatively state any avoidance or affirmative defense.'" Mifflinburg Tel., Inc. v. Criswell, 80 F.Supp.3d 566, 573 (M.D.Pa.2015) (emphasis in original) (quoting FED. R. CIV. P. 8(c)). "Therefore, the plausibility standard applica-ble to pleading claims based on a 'showing' does not apply to affirmative defenses that a party must merely 'state.'" Id. "Courts that do not apply the plausibility standard to affirmative defenses often decline to do so on these grounds." Id. (citing Tyco Fire Prods. LP v. Victaulic Co., 777 F.Supp.2d 893, 900–02 (E.D.Pa.2011)).

"While affirmative defenses need not rise to the level of plausibility, their pleading must still provide plaintiffs with 'fair notice' of the grounds for those defenses." Id. "Prior to Iqbal and Twombly, parties were required to plead affirmative defenses in a manner that provided fair notice of the nature of the defense." Id. (citing Dann v. Lincoln Nat. Corp., 274 F.R.D. 139, 145–46 (E.D.Pa.2011); United States v. Consol. Coal Co., 1991 WL 333694, 1991 U.S. Dist. LEXIS 15229 (W.D.Pa.1991)). "Generally, [a]ffirmative defenses were not to be struck unless there was no set of facts which could be inferred from the pleadings in support of the defenses, but it was also the case that bare bones conclusory allegations could be stricken.'" Mifflinburg Tel., Inc., 80 F.Supp.3d at 573–74 (quoting Dann, 274 F.R.D. at 145–46). "'[S]tating an affirmative defense provides 'fair notice' without specific factual allegations for each element of the defense as long as the defense is logically within the ambit of the general factual allegations in the litigation." Id. at 574. "Stated otherwise, the plaintiff must be able to infer why an affirmative defense may be germane to the litigation based on some general allegations in the pleadings. The facts may be threadbare, but they must be there." Id.

A party facing a motion to strike an affirmative defense can "satisfy the fair notice requirement by including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings." Id. In particular, "[t]he statement need not rise to the level of plausibility, but allegations must exist somewhere in the pleadings such that parties and the court may draw a logical inference from the asserted defenses to the events underlying litigation." Id. (cit-

ing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed.)).

As noted, Defendant asserts the statute of limitations defense pursuant to section 1692k(d) of the FDCPA. (Doc. 15, p. 4). Under section 1692k(d), "[a]n action to enforce any liability created by this title ... may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one [ (1) ] year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "In cases involving alleged violations of § 1692e, based upon letters sent to consumer, the statute of limitations begins to run on the day the debt collector mails a letter allegedly containing information proscribed by" the FDCPA. Agosta v. Inovision, Inc., 2003 WL 23009357, at *6, 2003 U.S. Dist. LEXIS 23889, at *22 (E.D.Pa.2003) (citing Mattson v. U.S. West Commc'ns, Inc., 967 F.2d 259 (8th Cir.1992)); see Shivone v. Washington Mut. Bank, F.A., 2008 U.S. Dist. LEXIS 59211, at *6 (E.D.Pa. 2008).

Plaintiff alleges that Defendant has attempted to collect a debt from Plaintiff on an "account that was identified by a number ending in 2418." (Doc. 1-1, p. 2). In particular, Plaintiff claims that "[o]n or about February 9, 2015, [Defendant] caused to be mailed a letter addressed to Plaintiff," which "was an attempt to collect on the Account." (Id.). The letter states, in part, that "any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050 (P) and related federal law." (Id.). "The amount of the alleged debt at the time that the letter was sent was $798.67 .... [and] [t]he offer to settle was for $638.94." (Doc. 1-1, p. 2). "[T]he amount of savings if the offer was accepted would be $159.73." (Id. at pp. 2–3).

Plaintiff claims that as a result of the foregoing allegations she is entitled to relief under the FDCPA. (Id. at p. 3). Importantly, Plaintiff alleges, and Defendant has admitted, that "[o]n or about February 9, 2015, [Defendant] caused to be mailed a letter addressed to Plaintiff," which is the sole basis for her FDCPA claim. See (Id. at p. 2); (Doc. 15, p. 2). As a result, the earliest relevant date for statute of limitations purposes is February 9, 2015. (Id.). Additionally, nothing in Defendant's brief in opposition indicates that it is now disputing when the letter in question was mailed. See (Doc. 20, pp. 3-4). Thus, assuming, without deciding, that February 9, 2015, is the operative date for the statute of limitations period pursuant to section 1692k(d),[4] Plaintiff timely filed her complaint on February 2, 2016. As a result, since there is no dispute that Plaintiff's complaint was filed prior to the expiration of the FDCPA's one (1) year statute of limitations, Defendant's statute of limitations defense will be stricken without prejudice. See Peoples State Bank of Wyalusing, PA v. Wellsburg Truck & Auto Sales, Inc., 2010 WL 4922877, at *4–5, 2010 U.S. Dist. LEXIS 125369, at *12 (M.D.Pa.2010) (Caputo, J.).

### III. CONCLUSION

Based on the foregoing, Plaintiff's motion to strike Defendant's bona fide error defense and statute of limitations defense will be granted. As a result, these affirmative defenses will be stricken without prejudice. To the extent that Plaintiff's motion to strike was challenging another affirmative defense listed in Defendant's amended answer, that motion will be deemed withdrawn. See (Doc. 19, p. 1 n.1). Defendant will be granted leave to file a second amended answer to cure the deficiencies as to the affirmative defenses of bona fide error asserted under 15 U.S.C. § 1692k(c) and statute of limitations asserted under 15 U.S.C. § 1692k(d). An appropriate Order follows.

---

4. "[A]t least one court has indicated that the limitations period might begin on [the] date that the debtor receives the collection letter." Michaels v. NCO Fin. Sys., 2011 WL 2600723, at *2, 2011 U.S. Dist. LEXIS 69904, at *5 (W.D.Pa. 2011) (citing Bates v. C&S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir.1992)). The Court need not determine when the limitations period begins because using the earliest date available for limitations purposes, specifically when the letter was mailed on February 9, 2015, which is not in dispute, see (Doc. 1, p. 2); (Doc. 15, p. 2); (Doc. 20, pp. 3-4), Defendant's statute of limitations defense is insufficient.

## ORDER

**AND NOW, THIS 15TH DAY OF SEP-TEMBER, 2016,** upon consideration of the accompanying Memorandum, **IT IS HERE-BY ORDERED THAT:**

1. Plaintiff's motion to strike, (Doc. 18), is **GRANTED** to the extent it seeks to strike Defendant's affirmative defenses of bona fide error pursuant to 15 U.S.C. § 1692k(c) and statute of limitations pursuant to 15 U.S.C. § 1692k(d).

2. Defendant's affirmative defenses of bona fide error pursuant to 15 U.S.C. § 1692k(c) and statute of limitations pursuant to 15 U.S.C. § 1692k(d), (Doc. 15, pp. 4-5), are **STRICKEN** without prejudice.

3. To the extent that Plaintiff's motion to strike, (Doc. 18), was directed at any other affirmative defense(s) listed in Defendant's amended answer, that portion of Plaintiff's motion is deemed **WITH-DRAWN.** See (Doc. 19, p. 1 n.1).

4. Defendant may file a second amended answer in this matter on or before **Oc-tober 6, 2016,** to cure the deficiencies as to the affirmative defenses of bona fide error and statute of limitations.